JULY 1827.

Bells, Trigg and Watkins
v.
Heirs of L Robinson.

[a] Laws Ala. 309.

[b] Laws Ala. 327, 347.

---

## THE STATE v. HIRAM M'LENDON.

1. Venue changed on application of the prisoner, he cannot afterwards object that sufficient cause was not shewn.
2. In computing the time of delivering the list of the jury, the day of delivery and day of trial must both be excluded.
3. The act of 1826, restricting a prisoners right to be discharged if not tried at the second term, does not extend to a case, where the indictment had been found when the act passed.

At the November term, 1826, of the Circuit Court of Washington county. the grand jury found an indictment against Hiram M'Lendon, for murder, to which he plead not guilty. On the day appointed for his trial, the record states that, "on motion of the prisoner's counsel, it is ordered that the venue of the trial be changed to the county of Clarke." The record shews the presence of the presiding Judge on the preceding day, but does not set out the meeting of the Court or name of the presiding Judge on the day when the above order was made, or the cause shewn for the change of venue. In the Circuit Court of Clarke county, at March term, 1827, the pri-

JULY 1827.

The State
v.
Hiram M'Lendon

soner was put upon his trial and found guilty. By his counsel he moved in arrest of judgement, for the following reasons:

1. The record certified by the clerk of Washington Circuit Court, does not shew any reason for a change of venue, supported by the oath or affirmation of the accused.

2. It does not appear that the order for the change of venue was made by the Court or that the Judge was present in Court when it was made.

The Circuit Court overruled the motion in arrest of judgement, and passed sentence of death on the prisoner; but caused it to be stated on the record that, on Thursday the fourth day of the term at 10 o'clock, A. M. when he was brought to the bar for the purpose of being put on his trial, his counsel objected that neither the prisoner nor his counsel had been furnished with a list of the jury which were to pass on his trial, two entire days before ; and that as there was not then time to comply with the requisites of the statute, during the term, the prisoner ought to be discharged. The Court overruled the objection, (being of opinion, that if the prisoner was served with a list of the jury at 10 o'clock, A. M. on Thursday, he might be put on his trial at 10 o'clock, A. M. on the following Saturday,) and referred the question of law to the Supreme Court.

BAGBY and LYON, for the prisoner.

PERKINS, Attorney General, for the State.

JUDGE SAFFOLD delivered the opinion of the Court.

As to the reasons in arrest of judgement, the record shews who was the presiding Judge at the term when the order for change of venue was made, and on the day before the order was made, and that the prisoner submitted to the decision of the Court as organized. The statute [a] gives power to the Court to change the venue, on good and sufficient cause set forth and supported by oath or affirmation. The venue cannot be changed unless at the instance of the accused, and his assent must appear on the record. The record states that the order for the change of venue was made on the motion of his counsel, but does not shew the cause for which the change was made. Whatever was proposed or assented to by his counsel in his presence is to be taken as done with his consent; and

Laws Ala, 166.

JULY 1827.

The State
v.
Hiram M'Lendon

if at his instance a change of venue has been ordered without sufficient cause set forth, he surely cannot afterwards object to it.

As to the other points in the case, in order to avoid perplexing delay, and to afford promptly to the accused the full benefit of the law, it becomes necessary to assume from the statement of the presiding Judge, and the admissions of the counsel, some facts which we are satisfied must have occurred, and are probably stated on the record below, although not stated on the transcript filed here. On the day appointed for the trial of the prisoner in Washington Circuit Court, it was found impracticable to procure the requisite number of competent jurors, and the necessity for a continuance on the part of the State for this cause, became apparent. In order to avoid the delay which this would have occasioned, the prisoner by his counsel, moved for the change of venue, and for this reason it was granted. To the next term of Clarke Circuit Court it was nearly six months. It is only by noticing these facts that the delay of trial in Washington can be attributed to the State, and the term at which the trial was had in Clarke be considered as the second term after the imprisonment of the accused. But one week was allowed by law, for the term of Clarke Circuit Court. The Court considered that the prisoner being served with a list of the jury, on Thursday, the fourth day of the term at 10 o'clock, A. M. might lawfully be put upon his trial, at 10 o'clock, A. M. on the Saturday next following, this interval constituting two entire days.

In computing these two days, is either the day of delivering the list or the day of trial to be reckoned?

By the English statute, it is required that a copy of the pannel of the jurors shall be delivered to the prisoner "two days at least before his trial." The settled construction of this statute is, that the two days must be exclusive of the day of delivery and the day of trial. [a] By our statute, [b] "any person who shall be indicted for any capital crime, shall have a copy of the indictment and a list of the jury who are to pass on his or her trial, delivered to him or her at least two entire days before he or she shall be tried." The word "entire" is here inserted in addition to what appears in the English statute, and if without this word there could be doubt as to the construction, with it there can be none, that the statute re-

a Fosters Cr. L. 230  1 East.C.L. 112.  2 Hawk. P. C. 39.
b Laws Ala. 214.

JULY 1827.

The State
v.
Hiram M'Lendon

*a* Laws Ala. 662.

*b* Ante p. 31.

*c* Acts of 1826, p. 49.

*d* Const. Ar.1. §11
Laws Ala. 915, 916.

quires two days, exclusive of fractions of days. We do not intend here to intimate any opinion of the computation which should be made in controversies between individuals, where the time is prescribed without using the word entire.

By the statute of 1807, *a* if the prisoner be not tried at the second stated term after commitment, he shall be discharged from imprisonment, unless the delay happen on his application or with his assent. In the case of the State against Phil, *b* this Court at the last term decided, that such discharge is in effect a discharge from the prosecution. By an act of the last Legislature, the prisoner in such case shall only be entitled to a discharge from imprisonment on bail. *c* But under our Constitution, no person can be punished, but in virtue of a law established and promulgated prior to the offence and legally applied, and no ex-post facto law shall be made. *d* The act last referred to, can then have no influence on this case.

It is the unanimous opinion of this Court, that the judgement of the Circuit Court must be reversed and the prisoner discharged.

The CHIEF JUSTICE not sitting.