## PARIS vs. THE STATE.

### [INDICTMENT FOR MURDER.[

1. *Arraignment, and service of copy of indictment and venire: presumption in favor of judgment.*—When the record in a criminal case shows that the prisoner, being brought to the bar in custody, pleaded not guilty, without raising any objection to the preliminary proceedings, and was thereupon tried and convicted, the appellate court will not reverse the judgment of conviction, because the record does not affirmatively show that he was formally arraigned, and served with a copy of the indictment and a list of the jury.

2. *Change of venue.*—The venue having been changed on the prisoner's application, and the cause afterwards re-transferred, by consent, back to the county in which the indictment was found, and the trial there had without objection on the part of the prisoner, he cannot be heard, in the appellate court, to question the validity of the order re-transferring the cause.

FROM the Circuit Court of Marshall.
Tried before the Hon. S. D. HALE.

THE prisoner in this case was indicted, by the name of Abner Paris, at the March term, 1858, of the circuit court of Marshall, for the murder of James Rose. On his application, at the September term, 1858, the trial was removed to Jackson county, and the cause was there continued at two successive terms. At the March term, 1859, "on the application of the defendant, with the consent of the State," as the minute entry recites, the cause was

removed back to Marshall county, where a trial was had, at the March term, 1860, which resulted in a judgment of conviction. The minute entries of the trial term, as set out in the record, are in the following words:

"The State ⎱ This day came the State of Alabama, by
  vs.  ⎰ William J. Haralson, solicitor, and Abner
Abner Paris.⎰ Paris, the defendant, in his own proper person, in open court; and the State of Alabama and said defendant in open court declaring themselves ready for trial on this indictment, and agreeing that the said trial shall be set for Wednesday of the second week,—it is therefore ordered by the court, by and with the consent of the said defendant, that Wednesday of the second week of the present term of this court be, and the same is hereby, set for the trial of this cause; and it is further ordered, that the sheriff of Marshall county forthwith summon one hundred jurors, including in said number the jurors summoned on the regular panel for the second week of this term, and that said sheriff serve upon said defendant a full and complete list of the jurors so summoned, two entire days before the said day fixed for the trial as aforesaid; and it is further ordered by the court, that a copy of the indictment in this cause be served by the said sheriff, in person, on the said defendant, in prison in the county jail."

"The State ⎱ Wednesday, March 14, 1860. This day
  vs.  ⎰ comes the solicitor, W. J. Haralson, who
Abner Paris.⎰ prosecutes for the State in this behalf; and the defendant, being brought to the bar in custody, pleads not guilty, and for his trial puts himself upon the country; and the State doth the like. And thereupon came a jury," etc., "who," etc., "upon their oaths say, 'We, the jury, find the defendant guilty of murder in the first degree, and that he must suffer death,'" etc.

There is a bill of exceptions in the record, in the following words: "In this cause, the defendant moves the court for an arrest of judgment, on the following grounds: 1. That the prisoner was not arraigned; the indictment was not read to him, nor to the jury; nor was he required to plead to the indictment; nor did the court cause the

plea of not guilty to be entered. 2. That in the indict-ment upon which the jury found their verdict, the name of the defendant is not described : that the name of the person charged in said indictment is Abner *Paris*, while the name of the prisoner is Abner *Parish.* Which motion being refused by the court, the defendant excepts," etc.

B. T. POPE, for the prisoner.—1. The record does not show that the prisoner was ever arraigned; nor that he was served with a copy of the indictment, or with a list of the jury, although it appears he was in actual custody; nor that he had knowledge of the indictment on which he was charged. It only shows that he was in actual custody, that the court ordered a copy of the indictment and a list of the jury to be served on him, and that he pleaded not guilty when brought to the bar for trial; but to what charge this plea was interposed does not appear. All these important rights are secured to an accused per-son by constitutional and statutory provisions, and he has a right to demand a strict compliance with the requisitions of the law. The mere silence of the record, on such essential points, does not authorize the presumption that all the requisitions of the law were complied with. If any presumption at all is to be indulged, it must be *in favorem vitæ.*—Henry v. The State, 33 Ala. 397; Hughes v. The State, 1 Ala. 655; Fernandez v. The State, 7 Ala. 511; Bill v. The State, 29 Ala. 39; Parsons v. The State, 22 Ala. 50; 6 Barr, 384; Sailer v. The State, 1 Harr. 357; 9 Leigh, 623; 1 Archb. Cr. Pl. 351, note: 1 Chitty's Cr. L. 414; 4 Bla. Com. 375; 1 Burr. 643.

2. It was error to change the venue back to Marshall county. The statute is imperative, that "the trial can be removed but once."—Code, § 3610. Consent cannot give jurisdiction.

M. A. BALDWIN, Attorney-General, *contra.*—1. Con-ceding that there was no formal arraignment of the pris-oner, and that no copy of the indictment or list of the jury was served upon him,—a concession not authorized by the mere failure of the record affirmatively to show

the contrary; nevertheless, the plea of not guilty was a waiver of these preliminary proceedings.—State v. Williams, 3 Stew. 463; State v. Matthews, 9 Porter, 370; State v. Greenwood, 5 Porter, 474; Bramlett v. The State, 31 Ala. 382; Fernandez v. The State, 7 Ala. 512; United States v. Gilbert, 2 Sumner, 20; McQuillan v. The State, 8 Sm. & Mar. 589; Powell v. United States, 1 Morris, (Iowa,) 17; 3 Wisconsin, 820; 2 Hale's P. C. 219, note 3; 2 Hawk. ch. 28, § 6; 1 Chitty's Criminal Law, 419.

2. That the venue may be changed by consent, see Rosenbaum v. The State, 33 Ala. 354; Hughes v. The State, at the last term; Gager v. Gordon, 29 Ala. 344; 1 Bishop's Crim. Law, §§ 657, 672.

STONE, J.—We have carefully considered the record, and the points pressed on our consideration, in this case, and have not been able to find any error which, under our decisions, justifies a reversal. The silence of the record in the matter of the service of a copy of the indictment, and a list of the jurors, two entire days before the trial, and in the matter of a formal arraignment before plea pleaded, raises questions, all of which are of kindred character. Although these are among the clear legal rights of one who stands charged with a capital felony, still, they are not of that high grade—do not so enter into the very essence of the trial by jury—that the record must, in all cases, show affirmatively that they have been observed. When, as in this case, the record affirms that the prisoner, being brought to the bar, pleads not guilty, and thereupon a jury is impanneled, and the trial progresses in usual form to a verdict of guilty, and sentence of the law pronounced thereon; when, notwithstanding these compliances with the most essential parts of a jury trial, no objection or exception appears to have been made in the court below, questioning the regularity of any preliminary step in the prosecution,—we but conform to our former decisions, in presuming that all has been regularly done, which does not appear by the record to have been otherwise.—Williams v. The State, 3 Stew. 454, 463; Greenwood's case, 5 Por. 474; Matthews' case,

9 Por. 374–5; Hughes v. The State, 1 Ala. 656; Fernandez v. The State, 7 Ala. 512; Bramlett v. The State, 31 Ala. 382; Rosenbaum v. The State, 33 Ala. 354; U. S. v. Gibert, 2 Sumner, 69, *et seq.*; Douglas v. State, 3 Wis. 820; Hughes v. The State, 35 Ala. 351.

[2.] Of the fact that the trial was had in Marshall, instead of Jackson county, the plaintiff in error cannot be heard to complain. The venue was re-transferred to Marshall at the instance of the prisoner, and the trial was then and there had, without any objection on his part. Moreover, the trial took place in the county in which the indictment was found, and in which the offense was committed. Without announcing any opinion on the question, whether a party accused of a felony can, by his consent, transfer the trial, after the venue has been once changed, to any county other than the one in which the offense was committed, we feel no hesitation in asserting, that the right to have his trial adjourned to a county free from prejudice against the accused, is a *privilege* secured to the prisoner, which he may waive, either before or after the order changing the venue has been entered. Hughes v. The State, 35 Ala. 351; Rosenbaum v. The State, *supra*; 1 Bish. Cr. Law, §§ 657, 672; Gager v. Gordon, 29 Ala. 344.

The judgment of the circuit court is affirmed, and the sentence of the law must be executed.