## *Ex parte* Reeves.

### *Application for Mandamus.*

*Mandamus; when will be denied.* — Application for *mandamus* to compel the dismissal of a cause out of a court to which, on application for change of *venue*, the trial was directed to be transferred under a writ of *mandamus* from this court, on a former term, at the petitioner's instance, will be denied. The court expresses surprise that such an application should be made.

THIS was an application for *mandamus*, based on a state of facts set forth in the opinion.

W. D. ROBERTS, for petitioner.

BY THE COURT. — John Reeves was indicted in the circuit court of Coffee county, at the Spring term thereof, 1874, for grand larceny, and moved the court for a change of *venue*, insisting, upon affidavits, that the cause be sent to Covington county; but an order was entered that it be transferred to Pike county, to which said Reeves objected, and took a bill of exceptions. At the Fall term, 1874, of Coffee circuit court, the solicitor for the State and Reeves again appeared therein, and the cause being called, was upon the motion of Reeves, by his attorney, transferred for trial to Covington circuit court. At the Spring term, 1875, of this circuit court, the cause being then there, Reeves, by his attorney, moved that it be dismissed, upon producing a transcript from Coffee circuit court, showing the order for a transfer of the cause to Pike county made before that by which it was transferred to Covington county; which latter, it was insisted, was therefore void. The dismissal being refused an application is made to this court for a *mandamus* to compel the dismissal.

[Boddie v. State.]

After considerable time and labor devoted to the record, and case set forth in it, we were much surprised at learning that, at the instance and upon the motion of the attorney for Reeves, at the June term of this court, 1874, our predecessors caused a writ of *mandamus* to be issued requiring that the case of the State against said Reeves be transferred to Covington county, by the circuit court of Coffee county, which was done at the then next term, in the fall of 1874; and that without any mention made of this action of the supreme court, or of said *mandamus*, the motion to dismiss the cause out of the court to which it was required by that writ to be transferred was made by the same attorney who then and now represents Reeves, the person under prosecution. We mention these particulars without anything more at present.

The writ of *mandamus* is denied.