CASE 55—INDICTMENT—February 17.

## Smith v. Commonwealth.

APPEAL FROM BELL CIRCUIT COURT.

Where an indictment found in the Perry Circuit Court was, upon motion by the Commonwealth for a change of venue, transferred from that court to the Clark Circuit Court, the jurisdiction of the Perry Circuit Court over the subject matter was thereby divested, and a subsequent indictment found in that court against defendant for the same offense and all proceedings under it were void, the case never having been remanded from the Clark Circuit Court; and this is true, although at the time of the trial under the second indictment, the indictment in the Clark Circuit Court had been filed away with leave to redocket, as that court may yet redocket the case and proceed to try the defendant.

J. M. UNTHANK AND WARREN MONTFORT FOR APPELLANT.

1. The act of May 26, 1890, providing for a change of venue by the Commonwealth, is not unconstitutional.   (Com. v. Davidson, 12 Ky. Law Rep., 767.)
2. The Perry Circuit Court divested itself of jurisdiction by the change of venue to the Clark Circuit Court, and could not again acquire jurisdiction except by the case being remanded to it by that court, which was never done.   (Hourigan v. Com., 15 Ky. Law Rep., 265.)

W. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

This is one of the cases where it is to the interest of the Commonwealth that the law be vindicated by a reversal.   The jurisdiction has always

been in the Clark Circuit Court since the change of venue to that court.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

On this appeal from a judgment of the Bell Circuit Court consigning the appellant to the penitentiary for life for the murder of John McKnight in Perry County, the following facts appear from the record, upon which the jurisdiction of the trial court is denied:

On August 25, 1890, the appellant, with a number of others, was indicted for the murder of John McKnight, in the Perry Circuit Court, and thereupon the attorney for the Commonwealth, under the provisions of an act of the General Assembly, approved May 26, 1890, giving the Commonwealth the right to change the venue of a case when there existed a state of lawlessness on the part of the friends and sympathizers of the accused, preventing a fair trial, filed his written statement, and the cause was transferred to the Clark Circuit Court. Thereafter the defendant in that indictment, the present appellant, appeared in the Clark Court and executed bond for his appearance there, as required by law.

The regularity of this transfer, and the constitutionality of the act under which it was made, were determined by this court in the case of Commonwealth v. Davidson, 91 Ky., 162, the appellee in that case, Davidson, being one of the defendants in the indictment with the present appellant.

On March 17, 1893, and while the former indictment was still pending and undetermined in the Clark Circuit Court, the grand jury of Perry County again indicted the appellant, Smith, for the murder of John McKnight, and notwithstanding his protest against the jurisdiction

of the court, made by demurrer, plea of former jeopardy, and his affidavit and the record showing that the Perry Circuit Court had been divested of its jurisdiction over the case by the transfer mentioned, the court was about to proceed to a trial of the case when the appellant procured, by proper steps under the statute, a change of venue to the Bell Circuit Court. In the latter court the same questions were again raised as to the jurisdiction of the court, and the foregoing facts were shown by copies of the records from the Perry and Clark Circuit Courts. The court refused to set aside the indictment, overruled the demurrer, general and special, and the objections of the appellant to the jurisdiction, etc., and the case proceeded to trial under the protest of the appellant, who pleaded former jeopardy and set forth the foregoing facts; and on the trial the evidence of the former indictment for the same offense, and the pendency of the same case in Clark, etc., were shown, and the court was asked to instruct the jury to find the defendant not guilty. The court overruled his motions and plea and instructed the jury that, if they believed from the evidence that the defendant had theretofore been acquitted of the offense charged in the indictment by a judgment of the Clark Circuit Court, and if they further believed from the evidence that said court had jurisdiction of his person and of the offense charged in the indictment, then they should acquit the defendant. And further, that it was admitted by the Commonwealth, and must be taken as true, that the defendant was the same person who was indicted in the Perry Circuit Court at its August term, 1890, for the murder of John McKnight, and who was then being tried for the murder of the same John McKnight, and that

both indictments charged the same offense.  The court also gave the usual instructions as to murder, manslaughter, etc.

It appears from the copy of an order of the Clark Circuit Court, filed by the appellant on his motions in this case, and as evidence on the trial, that the Commonwealth's attorney, in the judicial district embracing Clark County, had filed a written statement on October 4, 1893, upon which the court ordered that the indictment against the defendant Smith — the present appellant — be filed away, with leave to redocket the same upon motion of the Commonwealth's attorney.

It is apparent that the finding of the second indictment, while the first one remained undisposed of, and all the proceedings thereafter had on it, are quite out of the ordinary.

It is clear that by its transfer of the case to the Clark Circuit Court the Perry Circuit Court lost all jurisdiction over the subject-matter of the indictment.  The proceedings, therefore, thereafter had on the second indictment were void for want of jurisdiction in the court in which they were had, and this is true of the attempted trial in the Bell Circuit Court.

On motion of the defendant in the Clark Circuit Court, the Commonwealth not objecting, the venue might have been changed back to Perry, as decided in Hourigan v. Commonwealth, 94 Ky., 520, but not otherwise.  The so-called trial in Bell was, in legal contemplation, no trial at all, and the same would have been true of every attempted trial in Perry on this second indictment.  The Clark Circuit had, at the finding of this second indictment, and at the time of the trial in Bell,

full and complete jurisdiction of the case, and upon redocketing it might yet proceed to try the appellant for the murder of John McKnight.

These principles are fundamental and elementary. It is but just to say that the learned Attorney-General, who, while quick enough always zealously to prosecute the just pleas of the State, yet concedes this case to be one "where it is to the interest of the Commonwealth that the law be vindicated by a reversal."

The judgment is therefore reversed, with directions to quash the indictment and discharge the appellant.