## L. P. SMALLWOOD v. STATE.

No. A-2664.   Opinion Filed October 20, 1917.

(167 Pac. 1154.)

1. EVIDENCE—Confession. A county attorney has no authority to discontinue a prosecution except by permission of the court, and when an agreement is made between counsel for the accused and the county attorney contingent upon the accused returning property stolen in a robbery, and to dismiss the prosecution in case the injured party, who is a nonresident, fails to return to testify at the examining trial, and thereafter the accused returns the stolen property and makes statements to the officers concerning the commission of the crime, the judgment will not be reversed on the ground that the admissions were improperly introduced, when it clearly appears that the county attorney lived up to his agreement in every respect, and that the guilt of the accused is conclusively established.

2. SAME—Testimony of Absent Witness—Admission. A transcript of the testimony of a witness taken at the examining trial properly authenticated and preserved, as the law requires, is entitled to be admitted in evidence, when it is established that such witness is beyond the jurisdiction of the court, and cannot be secured at the trial of the cause.

*Appeal from District Court, Carter County;*
*W. F. Freeman, Judge.*

L. P. Smallwood was convicted of robbery, and he appeals. Affirmed.

*James H. Mathers,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, L. P. Smallwood, was convicted in the district court of Carter county on a charge of robbery, and his punishment fixed at imprisonment in the state penitentiary for a term of five years.

The information charges the plaintiff in error, Smallwood, jointly with Aneta Jones, W. F. Elsner, and Mable Weeks, with the robbery of J. E. Stewart, in the city of Ardmore, on the night of March 16, 1915. One hundred and ninety dollars in currency, a small amount of silver, a one and one-half karat diamond, and an automatic pistol were taken from Stewart. A confession was later made by Smallwood and some of the others jointly charged, and the property recovered. The property was found at places where Smallwood, in his confession, had told the officers it was located, and the principal portion of it found secreted about a building upon which Smallwood was working at the time. It appears that he accompanied the officers in person to recover a part of the property. There is no question about his guilt. The record will be reviewed, therefore, for the sole purpose of determining whether or not there is prejudicial error of law in the proceedings.

The first proposition urged in the brief is based upon the contention that the confession obtained from Smallwood and introduced in evidence over his objection and

exception was secured under promise that he would not be prosecuted. Counsel rely upon the general doctrine that a confession made by one in custody, under circumstances which show that he was induced to make the same by promise of immunity or leniency, or that it would be in his interest to make the same, cannot be used as evidence against a person making it, and rely upon the doctrine in *Hunter v. State,* 3 Okla. Cr. 544, 107 Pac. 444, to support them.

The facts in this case indicate that J. B. Champion, Esq., was attorney for Smallwood and others who were jointly charged with him; that before the trial and during the time Smallwood was in jail at Ardmore, he had a conversation with the county attorney in which it was agreed between them that the property taken in the robbery would be returned to Stewart, and that if Stewart failed to return to testify in the examining trial which had been set for a future date, the case would be dismissed as against all of the parties. No agreement was made at any time by the county attorney to dismiss the prosecution against Smallwood or any of the others, except upon the condition that Stewart, the injured party, should fail to appear as a witness at the examining trial. When the examining trial was had, Stewart appeared and testified. At the time of the trial in the district court, however, Stewart was in Texas, and refused to respond to urgent efforts of the county attorney to induce him to appear and testify. The only immunity discussed or inducement offered by the county attorney to the accused, through their attorney, was to dismiss the case if the injured party failed to return and testify at the examining trial. This presents a different proposition from that considered in the

case of *Hunter v. State, supra,* and the doctrine therein announced, while sound, is not controlling here.

As we view the record, the county attorney lived up to his agreement with the accused and they are entitled to no just complaint against him or the other officers of the court on account of the declarations, admissions, and confessions admitted, nor is defendant entitled to complain on account of the proof of his actions in going with the officers to recover the property taken in the robbery and surrendering it to Stewart. Under the circumstances disclosed all the proof of these facts was properly admitted in evidence.

The only other proposition to be considered is based upon the contention that the court improperly admitted the transcript of the evidence of the injured party, J. E. Stewart, taken at the examining trial, to be read in evidence. This proposition is wholly without merit, and the principle has been discussed so often that it does not require further consideration here. Stewart was a nonresident of Oklahoma at the time of the trial in the district court and was, beyond question, without the jurisdiction of the court at the time of the trial. The transcript of the testimony was duly transcribed, signed by the witness, and filed by the committing magistrate with the court clerk of Carter county, and was properly admitted in evidence.

Finding no prejudicial error in the proceedings, and the guilt of the accused having been established beyond question, the judgment will be affirmed.

Affirmed.

DOYLE, P. J., and MATSON, J., concur.