(89 South. 721)

### Ex parte LANCASTER. (6 Div. 400.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 12, 1921.)

**1. Criminal law ⟞124—No change of venue for grand jury to return true bill.**

The circuit court of the county where a homicide occurred having exclusive jurisdiction, the grand jury of that county alone may indict, and there can be no change of venue for the return of a true bill, in view of Const. 1901, §§ 6, 8, and Code 1907, §§ 7130, 7140, 7225, 7851, relating to jurisdiction to try offenses.

**2. Criminal law ⟞130—Application for change of venue may be made by defendant's counsel.**

Under Const. 1901, § 6, and Code 1907, § 7851, both relating to change of venue at defendant's instance, defendant's counsel may make the application, and a change, granted on a written application signed by defendant's attorneys and verified by the affidavit of one of them, is legal and valid.

**3. Criminal law ⟞142—Effect of change of venue stated.**

When an order for removal on change of venue is made, the jurisdiction of the county wherein the indictment is returned to try defendant ceases, and the jurisdiction of the county to which the case is removed commences.

**4. Criminal law ⟞142—Jurisdiction of court to which venue is changed cannot be divested.**

Where venue has been changed in a felony case, the jurisdiction of the court to which the change has been made cannot be taken away by entering a nolle prosequi and having defend-

ant again indicted in the original county; Code 1907, § 7852, providing that the trial can be removed but once, and the state not being authorized to procure a change either directly or indirectly.

**5. Criminal law ⟞117—State cannot move for change of venue.**

Neither the Constitution nor the statutes authorize the state to apply for or secure a change of venue in any criminal case.

**6. Criminal law ⟞142—Procedure upon new indictment after change of venue stated.**

Where venue has been changed in a criminal case, and the case has been dismissed by the state, a new indictment for the same offense, if desired, must be returned by the grand jury of the original county, and a certified copy thereof sent to the county to which the change has been taken, which has exclusive jurisdiction to try defendant, in view of Const. 1901, § 6; Code 1907, §§ 7130, 7140, 7851, 7852, relating to place of trial and change of venue.

Petition by Robert J. Lancaster for writ of prohibition to be directed to Judges T. L. Sowell and J. J. Curtis to restrain them as such circuit judges of the circuit court of Walker county from putting him on trial in said county on an indictment charging murder in the first degree, a similar indictment having been previously returned and the cause transferred from Walker county to Marion county, Ala. Writ granted, and all papers ordered returnable to Marion circuit court.

Foster, Verner & Rice and Harwood, McKinley, McQueen & Aldridge, all of Tuscaloosa, L. D. Gray, of Jasper, A. H. Carmichael, of Tuscumbia, E. B. & K. B. Fite, of Hamilton, and Chas. E. Rice, of Birmingham, for petitioner.

A cause may be removed once, without the presence of the defendant in court, and, if regular on its face, cannot be attacked by showing that no ground is shown to exist, or that the petition was not properly made. Section 6, Const. 1901; sections 7851, 7852, Code 1907; 12 Cyc. 251; 40 Cyc. 182; 143 Wis. 249, 126 N. W. 737, 31 L. R. A. (N. S.) 966; 16 C. J. 201; 10 Grat. (Va.) 1, 60 Am. Dec. 325; 52 Ala. 394; 49 Ala. 1; 1 Stew. 195; 102 Ala. 675, 15 South. 450. Upon change of venue, the court from which the cause is transferred loses all jurisdiction to try the accused upon the indictment preferred at the time of the change, or upon any other indictment charging the same offense. 16 C. J. 220; 118 Ga. 310, 45 S. E. 381, 46 S. E. 488; 25 S. W. 106; 16 Wyo. 381, 94 Pac. 459; 12 Cyc. 253; 24 S. W. 293; 5 Sneed (Tenn.) 360; 81 N. C. 571; 60 N. C. 142; 50 N. C. 221. The jurisdiction became vested in the court to which the cause was transferred. 31 Ala. 376. The jurisdiction of the circuit court of Marion county was not

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

divested by an order of nolle pros. 16 C. J. 437; 138 La. 989, 71 South. 131; 83 Miss. 290, 35 South. 937, 64 L. R. A. 807, 1 Ann. Cas. 406; 101 Mich. 71, 59 N. W. 428; 55 Kan. 326, 40 Pac. 662; 106 Ala. 615, 17 South. 618; 40 Cyc. 176–7; 40 Ala. 304; 35 Ala. 399.

Harwell G. Davis, Atty. Gen., and Horace C. Wilkinson, Sp. Asst. Atty. Gen., and J. M. Pennington, Sol., and W. C. Davis, both of Jasper, opposed.

The application and the proceedings leading up to the change of venue were not made by the defendant himself, and were not verified by his affidavit, but by an attorney, and this was insufficient to authorize the change to confer jurisdiction on the court to enter the order making the change. 71 Miss. 706, 14 South. 268; 130 Ala. 189, 29 South. 622; 60 Ala. 93; 168 Ala. 27, 53 South. 251; 48 Ala. 304; 54 Colo. 293, 130 Pac. 1011; 70 Wis. 137, 35 N. W. 318; 52 N. W. 775; 45 La. Ann. 243, 12 South. 134; 61 Ind. 464; 15 Wis. 94; 2 Gilman (Ill.) 419, 43 Am. Dec. 63; 58 Iowa, 656, 12 N. W. 713; 186 Ind. 633, 117 N. E. 858; 108 Mo. 622, 18 S. W. 1113; 8 R. C. L. 96; section 6, Const. 1901; section 7851, Code 1907, as amended by Acts 1909, p. 212. The nolle pros. destroyed the indictment, ended the then prosecution, but did not absolve the defendant from liability for further prosecution for the same offense. 61 Ala. 30; 91 Ala. 25, 8 South. 560; 89 Ala. 14, 8 South. 22; 200 Mass. 327, 86 N. E. 774; 61 Mich. 247, 28 N. W. 83; 31 Conn. 572; 20 S. C. 392; 73 Mo. 695; 140 Mo. 193, 41 S. W. 778; 162 Mo. 198, 62 S. W. 697.

On rehearing, counsel cite the following additional authority: 27 R. C. L. 819; Freeman on Judgments, § 120; Black on Judgments, § 241; 12 R. C. L. 1197; 126 Ala. 20, 28 South. 595; 78 Ala. 147; 79 Ala. 475; 108 Ala. 355, 19 South. 913; 122 Ala. 326, 25 South. 241; 14 Ala. App. 566, 70 South. 204; 173 Ala. 7, 55 South. 506.

MILLER, J. This is a petition for writ of prohibition filed by Robert Lancaster to prevent the judges of the circuit court of Walker county from putting him on trial in that county on a certain indictment charging him with murder in the first degree.

On the night of January 13, 1921, Will Baird was forcibly taken from the jail of Walker county and killed. The petitioner was, on the 19th of January, 1921, arrested under warrant charging him with the offense of unlawfully and with malice aforethought killing said Will Baird in Walker county. On the same day the grand jury of the circuit court of Walker county returned an indictment into said court, charging petitioner with said offense in the form of murder in the first degree.

On January 21, 1921, the petitioner-defendant in said case by his attorneys filed in writing in said circuit court an application for and "moves the court to grant him a change of venue, and that this court make an order removing the trial of the above stated cause from Walker county, Ala., to some other county in the state of Alabama, which is free from exception." This application set forth specifically the reasons why he could not have a fair and impartial trial in the county in which the indictment was found. It was signed by his attorneys, and it was verified by the affidavit of L. D. Gray, one of his attorneys. In the minutes of the court of January 21, 1921, we find on ruling on this application the following:

"On the hearing of the petition in this case for change of venue, come the state of Alabama by its solicitors and the defendant by his attorneys and the solicitors stating in open court that the application for a change of venue will not be resisted. * * * It is therefore the order and judgment of the court that the motion be granted and the case is removed to the county of Marion and state of Alabama for trial."

The petitioner was tried on that charge under an indictment on the 1st day of February, 1921, in the circuit court of Marion county, Ala. The jury could not agree in the case and a mistrial was entered on February 7, 1921. On the 22d day of February, 1921, an order of nolle prosequi in said case was made in the circuit court of Marion county, and on the same day a similar order was made in the circuit court of Walker county. The defendant, Robert Lancaster, was immediately arrested under affidavit and warrant charging him with the same offense as was alleged in the said indictment. On February 25, 1921, the grand jury of Walker county, Ala., returned into the circuit court another indictment against the petitioner, charging him with the same offense, murder in the first degree. This second indictment charged the same offense, the same degree of the offense, as the first indictment. To all legal intents and purposes it was an exact copy of the first indictment, the only practical difference being one was filed in the circuit court of Walker County on February 25, 1921, and the other on January 19, 1921. The same grand jury found and returned both true bills. The defendant is now under arrest and in prison under the last indictment.

The record shows that the deceased, Will Baird, was killed in Walker county, Ala., on January 13, 1921.

[1] The county of Walker had jurisdiction of the offense. The circuit court of that county had exclusive jurisdiction. If he was killed unlawfully the grand jury of that county alone could indict the person charged with the offense. There may be a change of venue for his trial, but there can be no change of venue for a grand jury to investigate

and return a true bill. Sections 6, 8, Const. 1901; sections 7851, 7130, 7140, Code of 1907. "The local jurisdiction of all public offenses, unless it is otherwise provided by law, is in the county in which the offense was committed." Section 7225, Code 1907.

The Constitution of Alabama gives the defendant "in all prosecutions, by an indictment," the right to "a speedy, public trial, by an impartial jury of the county or district in which the offense was committed. Section 6, Const. 1901. When the defendant thinks he cannot secure a fair and impartial trial in the county where the alleged offense is committed and the indictment is found, then he has the right to apply to the court for a change of venue. An application was made in the circuit court of Walker county for a change of venue. The court granted the application, and ordered the trial removed from Walker county to the circuit court of Marion county.

[2] The state contends that this was error. That the order of the circuit court of Walker county, granting the petition for change of venue and removing the trial to the circuit court of Marion county, was null and void, because the Constitution requires the change of venue to be applied for by the defendant; and the statute requires the application for change of venue to be sworn to by the defendant, neither of which, he claims, was done in this case.

Section 6 of the Constitution of 1901, germane to the question, reads:

"The Legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment, and such change of venue, on application of the defendant, may be heard and determined without the personal presence of the defendant so applying therefor; provided, that at the time of the application for the change of venue, the defendant is imprisoned in jail or some legal place of confinement."

This does not require the application to be in writing. It does not require it to be verified by affidavit or sworn to by the defendant. It must be made by defendant. This does not require the defendant should personally sign the application nor personally rise up in court and make the motion; he may, but the Constitution does not require it. This same section of the Constitution gives the accused "the right to be heard by himself and counsel, or either." In cases of this kind—charged with a capital offense—the defendant must have counsel, if able to employ one, and if unable to employ one, it is the duty of the court to appoint counsel for him, not exceeding two. Section 7839, Code 1907; Ex parte Bryan, 44 Ala. 402; Slocovitch v. State, 46 Ala. 227.

Section 7851 of the Code of 1907, as amended in Acts 1909, p. 212, reads as follows:

"*Change of Venue: Trial Removed on Defendant's Application, etc.*—Any person charged with an indictable offense may have his trial removed to another county, on making application to the court, setting forth specifically the reasons why he cannot have a fair and impartial trial in the county in which the indictment is found; which application must be sworn to by him, and must be made as early as practicable before the trial, or may be made after conviction, on new trial being granted. The refusal of such application may, after final judgment, be reviewed and revised on appeal, and the Supreme Court shall reverse and remand or render such judgment on said application, as it may deem right, without any presumption in favor of the judgment of ruling of the lower court on said application. If the defendant is in confinement, the application may be heard and determined without the personal presence of the defendant in court."

There is nothing in this act to prevent the attorneys for defendant in his name making the application. The application in this case is in writing. It is signed by attorneys for the defendant. It is verified by the affidavit of one of his attorneys.

On direct appeal to this court by the defendant in the case of Lewis v. State, 49 Ala. 1, "the transcript did not contain any affidavit stating the reasons for changing the venue in said cause," and the minutes of the court showed that on motion of the defendant, and for cause shown, etc., the trial was removed from the circuit court of Dallas county to the city court of Montgomery. On these facts this court decided:

"As the trial was removed from Dallas county, at the instance and on the motion of the defendant, and as the record states that cause for the removal was shown, we will presume it was on affidavit, and that the cause shown was sufficient; we will also presume that Montgomery county was the nearest adjoining county free from exception, as it is so stated in the order. At any rate, it did not lie in defendant's mouth to complain that the order was irregularly made, as it was made at his instance, and in his favor, and without objection on his part; and, besides, it does not appear that he was prejudiced by the alleged irregularity."

See, also, Paris v. State, 36 Ala. 232; Ex parte Rice, 102 Ala. 675, 15 South. 450.

In said case of Lewis v. State, on direct attack on appeal, the order granting change of venue was presumed to be correct, when the minutes of the court recited on motion of defendant and for cause shown the order of removal was granted. The court presumed it was on affidavit, and the cause shown was sufficient; and, "at any rate, it did not lie in defendant's mouth to complain." Lewis v. State, 49 Ala. 1.

The state in this case did not question the sufficiency of the application for change of venue by demurrer because not sworn to, or verified by affidavit of defendant. Hence

Huckabee v. State, 168 Ala. 27, 53 South. 251, has no application to facts of this case. The state did not move to strike it from the file because not sworn to by the defendant personally. The state did not object to the court granting the petition because the facts alleged in it were not sworn to personally by the defendant. What did the state do? The state, by its solicitors, "on the hearing of the petition in this case for a change of venue" stated "in open court that the application for a change of venue will not be resisted." From this it would appear that the evidence and facts were so clear and convincing that the defendant could not have a fair and impartial trial by a jury in Walker county that the solicitors for the state were even convinced thereof; and they informed the court, openly in court, before the decision was rendered, "that the application for change of venue will not be resisted by the state."

The defendant, Robert Lancaster, by his attorneys, made the application, on the hearing the solicitors for the state did not resist it, the court was convinced that it should be granted, and made proper order of removal. Neither the state nor the defendant can complain at the action of the court. The attorneys for the state are eminently correct when in their brief they state:

"The whole purpose of the statute providing for a change of venue is to insure a fair and impartial trial."

The law never intended for this purpose to be defeated by formal pleadings. State v. McLendon, 1 Stew. 195; Lewis v. State, 49 Ala. 1; Paris v. State, 36 Ala. 232; Ex parte Rice, 102 Ala. 675, 15 South. 450; Ex parte Reeves, 52 Ala. 394.

Under the facts of this case the order of the circuit court of Walker county, removing the trial of Robert Lancaster for the offense charged in the indictment from the circuit court of Walker county to the circuit court of Marion county, was legal and valid. It is binding on the defendant and on the state of Alabama. Lewis v. State, 49 Ala. 1; State v. McLendon, 1 Stew. 195; section 6, Const. 1901; section 7851, Code 1907.

The design of the Constitution and the purpose of the statute are for the court, on application of a defendant under an indictment, for change of venue, to ascertain by sworn evidence, by affidavits of defendant and others, or examination of them orally in court, whether the defendant can get a fair and impartial trial by a jury in the county where the alleged offense is committed. If the sworn evidence convinces the court that he cannot, then the defendant is entitled to have, as a matter of law, with a constitutional right, his trial for the offense removed by the court to the nearest county free from exception. Section 6, Const. 1901; section 7851,

Code 1907; Lewis v. State, 49 Ala. 1; State v. McLendon, 1 Stew. 195.

This court in Bramlett v. State, 31 Ala. 381, writes:

"We maintain that, when the circuit court of Cherokee county, at the instance of the prisoner, made the order for the change of venue, and adjourned the court, without revoking or qualifying that order, all jurisdiction over the prisoner was out of that court, and the same vested eo instanti in the circuit court of Benton county. The jurisdiction was not, and could not be, in abeyance."

[3] By this order of the court the jurisdiction to try Robert Lancaster for said offense was changed from Walker county to Marion county. The jurisdiction in Walker county to try him ceased and the jurisdiction in Marion county commenced when the order of removal was made by the circuit court of Walker county. Bramlett v. State, 31 Ala. 381; Corpus Juris, vol. 16, p. 218, § 330; R. C. L. vol. 27, par. 46, p. 825.

[4] Can this jurisdiction of the circuit court of Marion county to try this defendant for this offense be taken away? This is the next and final question to be decided. The state of Alabama contends that it can by dismissing, with consent of the court, the prosecution in the circuit court of Marion county. The defendant was tried under the indictment in the circuit court of Marion county. There was a mistrial. The solicitor then, with consent of the court, had a nolle prosequi entered in the case. The defendant was immediately arrested for the same offense under affidavit and warrant. The grand jury of Walker county within a few days returned another indictment—just exactly like the first one—against this defendant for the same offense. He was arrested under it, and it is now on the circuit court docket of Walker county.

Did these proceedings divest the jurisdiction to try this defendant for this offense out of the circuit court of Marion county, and restore jurisdiction to the circuit court of Walker county? The state of Alabama insists that Walker county circuit court now has the jurisdiction, and if the defendant desires his trial removed into another county, he must make another application therefor to the circuit court of Walker county. The defendant contends that the Marion county circuit court still has jurisdiction of the trial of defendant for the offense charged.

The general rule of law under the above facts, as gathered in Corpus Juris, vol. 16, § 335, p. 220, reads:

"Upon change of venue the county from which the case is transferred loses all jurisdiction to try accused upon the indictment transferred at the time of change, or upon any other indictment charging the same offense." Johnson v. State, 118 Ga. 310, 45 S. E. 381, 46 S. E. 488; Smith v. Commonwealth, 95 Ky.

322, 25 S. W. 106; Keefe et al. v. District Court, 16 Wyo. 381, 94 Pac. 459; State v. Milano, 138 La. 989, 71 South. 131; Coleman v. State, 83 Miss. 290, 35 South. 937, 64 L. R. A. 807, 7 Ann. Cas. 406; State v. Chinault, 55 Kan. 326, 40 Pac. 662.

A different rule prevails in the state of Missouri. It is as follows:

"Loss of jurisdiction in the new court does not occur by reason of defendant withdrawing his application after it has been granted; but it is otherwise where the district attorney enters a nolle prosequi." 16 Corpus Juris, p. 221 (headnotes 26, 27); State v. Hayes, 88 Mo. 344; State v. Patterson, 73 Mo. 695.

What is the rule in Alabama? We have a statute. It settles the rule, if not on its face, by the clear intent and purpose of the Legislature. It reads as follows:

"Section 7852. *Removal to Nearest County, and but Once.*—The trial must be removed to the nearest county free from exception, and can be removed but once."

What does this mean? It means the trial of the accused for this offense charged in the indictment must be removed to the nearest county, free from exception, and can be removed but once. In Ex parte Dennis, 48 Ala. 304, this court held, after order granting removal of the case, it could not be returned to the original county where the offense was committed, for trial by agreement of defendant and solicitor for the state; and said that section 4207 (now 7852) "declares that the trial can be removed but once." In Aikin v. State, 35 Ala. 399, the defendant made application in Lowndes county circuit for change of venue. The court granted it, and removed the trial to the circuit court of Autauga county. Before the trial commenced in Autauga county the prisoner made application for change of venue from that county. The court overruled the application. The defendant excepted. This court in reviewing the case on appeal said:

"In refusing to change the venue from Autauga county, the court simply followed the express direction of the Code, which provides that 'the trial can be removed but once.' "

If the defendant on application and proof cannot have the court remove the trial, after a change of venue has once been granted, then can the state do so by a nolle prosequi, with consent of the court? The trial can be removed but once. The court removed it on application of the defendant from Walker to Marion county. The trial of what was removed? The trial of Robert Lancaster for the offense of murder in the first degree, as charged in the indictment.

[5] Neither the Constitution nor the statutes of Alabama authorize the state to apply for or to secure a change of venue in any criminal case. Will the courts allow the state to secure a change of venue indirectly when it is not permitted directly to do so?

What cannot be done directly by law, the law does not permit to be done indirectly. No change of venue can be granted by a court in a criminal case, except on application, petition, or motion of the defendant. The defendant must be the moving party for the change of venue, and not the state.

It is clear that when the order of removal of the trial of this defendant from Walker to Marion county was granted, jurisdiction in Walker county circuit court to try this defendant for this offense ended, and jurisdiction was given to Marion county circuit court. It is clear that the state cannot have the court grant a change of venue. It is clear that the trial can be removed but once. Now can the state deprive the circuit court of Marion county of this jurisdiction to try this defendant for this offense, by entering, with the consent of the court, a nolle prosequi in the case, and thereby transfer the trial back to Walker county? If so, it would permit the state to have a change of venue by entering a nolle prosequi with the consent of the court, and without the consent even of the defendant. It would permit the state without the consent of defendant, with the consent of the court by entering a nolle prosequi to remove the trial to another county, Walker, which the statute expressly forbids. The trial can be removed but once.

The state, with the permission of the court, may dismiss a prosecution. Section 7159, Code 1907. But the law did not intend, and does not allow thereby, directly or indirectly, a change of venue of the trial of a case. Section 7852. There can be no change of venue by the state. To allow the trial of this defendant for this offense to be removed from Marion to Walker county, by a dismissal of the case on motion of the state, with consent of the court, would permit in practical effect a change again of the venue. To give the state this right would thereby nullify section 7852 of the Code, which states there can be but one removal of the trial. To give the state this right to have the trial returned to Walker county would deprive the defendant of his right to be tried in Marion county for this offense. This would allow the state a change of venue, if permitted. The defendant cannot be deprived of this right to be tried in Marion county by motion of the state for a nolle prosequi to be entered, which is granted by the court. Neither the Constitution nor the statutes of Alabama ever contemplated that the defendant could in that way be deprived of his right of trial for the offense charged in Marion county. To permit it, the state, with the approval of the court, by entering a nolle prosequi, could accomplish indirectly what the statute directly forbids, namely, a change of the trial of the defendant or the offense charged from Marion back to Walker county, or some other county perhaps.

This court cannot approve or encourage or

permit such practice. It will set no such precedent. It cannot permit a defendant to be liable to be harassed in that way. The offense charged in each indictment is the same. It matters not whether one is a continuation of the other or not, or a renewal thereof. The statute provides when he stands indicted for said offense the trial thereof may be removed, and can be removed, only one time. When the change of venue was granted for the trial of the defendant for this offense to Marion county, the statute contemplates that Marion county is the only one in which the trial of the defendant for that offense may be had, regardless of the number of the indictments that may afterwards be preferred against him for the same offense.

[6] This section of the Code (7852) deprives Walker county, where the offense was committed, of the right to try the defendant for this offense; but it does not deprive it of the jurisdictional right to indict for the offense. The order of removal confers on Marion county jurisdiction to try the defendant for the offense charged, but no right to indict for the offense, if the case is dismissed by the state with the consent of the court for any defect in the indictment or other cause. If a new indictment for the same offense is desired by the state, it would have to be returned by a grand jury of the circuit court of Walker county, and a certified copy of it sent to the circuit court of Marion county, where the jurisdiction to try the defendant for that offense has been placed by the court on the order of removal. Section 6, Const. 1901; sections 7130, 7140, 7851, and 7852, Code 1907: 16 Corpus Juris. § 335, p. 220, headnotes 9, 10, and authorities there cited; Bramlett v. State, 31 Ala. 376.

Let the new indictment for the same offense in the circuit court of Walker county be certified with transcript of all the entries, orders, and proceedings in the case, before and since the nolle prosequi was entered, to the circuit court of Marion county, as the law requires, where the trial of the defendant under the second indictment for the same offense as the first can proceed as the law directs. Sections 7130, 7140, 7854, 7857, Code 1907.

The writ of prohibition is granted.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.