(118 So. 145)

### Ex parte CAYLOR. (3 Div. 577.)

Court of Appeals of Alabama. Feb. 7, 1928.

Rehearing Denied March 6, 1928. Writ Denied on Mandate Sept. 18, 1928.

See, also, 21 Ala. App. 627, 111 So. 195.

R. E. L. Cope, of Union Springs, and Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

BRICKEN, P. J. The case made by the petition and the answer of the respondent judge is as follows.:

D. A. Caylor was convicted in the juvenile court of Montgomery county of the offense of deserting, or failure to provide for the support of his wife. He appealed to the circuit court of Montgomery county, where he was again convicted and given a fine of $100 and a sentence of hard labor for the county for a term of 12 months. This sentence was suspended upon the petitioner entering into bond in the sum of $600, conditioned upon petitioner paying $50 per month for the support of his wife; this bond was made. Petitioner appealed to this court from the judgment of conviction in the Montgomery circuit court, and this appeal is pending.

The Montgomery circuit court, as a part of its order, required petitioner to pay his wife $50 per month pending his appeal to this court, and to give bond in the sum of $600 to secure its payment, or remain in custody pending his appeal to this court.

Petitioner executed an appeal bond to perfect his appeal to this court, but was later surrendered by the sureties on his bond, and thereafter the Governor of Alabama paroled petitioner, and ordered that the fine and sentence be suspended pending a consideration of his appeal by this court. Thereupon the judge of the juvenile court ordered petitioner arrested and brought before him, and adjudged him guilty of a contempt of that court, and ordered him imprisoned for five days because of his failure to pay his wife $50 per month pending his appeal to this court, as ordered by the Montgomery circuit court.

Petitioner applied for a writ of habeas corpus and was discharged, the state confessing that the judgment of contempt was invalid for want of a preliminary affidavit to support it.

Thereafter petitioner's wife filed an affidavit in the juvenile court charging petitioner with contempt of that court by. reason of his failure to comply with that part of the order of the Montgomery circuit court requiring him to pay his wife $50 per month pending his appeal to this court. Petitioner was then cited to appear before the juvenile court to show cause why he should not be punished as for contempt of that court, and the hearing set for October 6, 1927.

Petitioner thereupon applied to one of the judges of this court (the court being in vacation) for a writ of prohibition to restrain the judge of the juvenile court from hearing the contempt proceedings. The rule nisi was issued, and the case is now before the court for final disposition.

By law, the judgment of the Montgomery circuit court is made the judgment of the juvenile court. Section 4486, Code 1923. If the judge of the juvenile court has no authority to hear and determine the contempt proceedings, then prohibition is the proper remedy to restrain the threatened hearing, and petitioner is entitled to resort to that remedy without first raising the question of want of jurisdiction before the judge of the juvenile court. Ex parte State, 200 Ala. 15, 75 So. 327; Ex parte Lancaster, 206 Ala. 60, 89 So. 721, 18 A. L. R. 706.

His authority to hear and determine the contempt proceedings depends on the authority of the Montgomery circuit court to make that part of the order requiring petitioner to pay his wife $50 per month pending his appeal from that court to this court, and its authority, if any such exists, in that regard is statutory, there being no such inherent power in the court, or at common law.

No provision is made in chapter 157 of the Code 1923, for an appeal from the circuit court to this court on conviction of the offense charged. That chapter deals with appeals from the juvenile court to the circuit court. We therefore conclude that an appeal in such cases from the circuit court to this court is governed by the general provisions, section 3243 et seq., of the Code, applicable to appeals in misdemeanor cases.

In each instance, where it was intended that the circuit judge should have the same power as the judge of the juvenile court, the statute is aptly worded and provides that "the judge of said * * * juvenile court in the first instance, or the judge of the circuit court on appeal, and trial de novo, may in his discretion," do so and so. Section 4488, Code 1923.

594

We regard this language appearing in this chapter as significant. Here, if there be any power in the circuit judge to make that part of the order complained of, it must be found in section 4487, which follows section 4486. These two sections are as follows:

"4486. *Probation Order. Duties of Defendant Under.*—In the event he shall be sentenced to jail or hard labor for the county, he shall be remanded to jail to answer said judgment; and in the event that such judgment and sentence is suspended, and defendant is released on probation, the court shall inform him as to his duties, under such probation order, and cause the probation bond herein provided for to be filed with the clerk of said probate, domestic relations or juvenile court, and said bond shall thereafter be subject to forfeiture as if filed originally in said probate, domestic relations or juvenile court as herein provided for. Upon the rendition of such judgment said circuit court shall cause to be filed with the clerk of said probate, domestic relations or juvenile court, as the case may be, a copy of its said judgment, which when so filed, shall thereupon become also the judgment of said probate, domestic relations or juvenile court; and said probate, domestic relations or juvenile court shall have the same power, jurisdiction and authority to deal with said defendant, under such judgment, as if such judgment had been rendered in said probate, domestic relations or juvenile court in the first instance.

"4487. *Order of Court Pending Appeal.*—At any time before or at the trial, or pending an appeal, upon motion of the complainant, and upon notice to the defendant, no formal notice being necessary if defendant be present in court, and informed of said motion, the judge of said court may enter such temporary orders as may seem just, providing for the support of the neglected wife or children, or both, pendente lite, and may punish for violation of such order as for contempt, as provided by law for the punishment of contempts of the court in which such case is pending."

What is meant by the words, "the judge of said court," as they appear in section 4487 above quoted? Which court and which judge does it refer to? We are of the opinion that it cannot logically refer to any court but the juvenile court or any judge but the judge of that court.

It is claimed by the respondent judge that the Legislature "intended" for the circuit judge to have the same power as the judge of the juvenile court. The reply to that is that this court can only know what was intended by what was said. If the Legislature intended for the circuit judge to have that power it should have given it to him. This it did not do. We cannot assume that it intended to thus empower him, in the absence of apt words expressing such an intention, in the face of specific authority to do certain other acts evidenced by apt words expressing such intent. This court must take the statute as it finds it. It has no authority or inclination to add to or take from it. As written, it does not confer on the circuit judge the authority to require payment by the petitioner to his wife pending his appeal to this court. That part of the order of the Montgomery circuit court was coram non judice and void.

The judge of the juvenile court has no authority to adjudge the petitioner in contempt for failure to comply with that part of the order. It is not contempt, and the judge is powerless to so find.

The writ of prohibition is awarded in accordance with the prayer of the petition.

Writ awarded.

PER CURIAM. Writ of prohibition denied on authority of..Ex parte H. M. Blue, Judge (Caylor v. Blue, Judge) 118 So. 147.