Chester Lee (Jim) GONZALIS, Petitioner,

v.

Joe M. LYNCH, County Judge of Adair County, Oklahoma, acting as examining magistrate in Cause No. 2772 in the County Court of Adair county, Oklahoma, Respondent.

No. A–12147.

Criminal Court of Appeals of Oklahoma.

March 30, 1955.

Original Proceeding brought by Chester Lee (Jim) Gonzalis, petitioner, seeking a writ of prohibition directed to Honorable Joe M. Lynch, County Judge of Adair County. Writ denied.

Joe Cannon, Muskogee, for petitioner.

G. O. Grant, County Atty., Adair County, Stilwell, Paul Gotcher, Asst. County Atty., Muskogee, for respondent, Joe M. Lynch, County Judge, Adair County.

BRETT, Judge.

This is an action brought by Chester Lee (Jim) Gonzalis, petitioner, for a writ of

prohibition praying the writ be directed to Joe M. Lynch, county judge of Adair county, Oklahoma, acting as examining magistrate in the case of State v. Gonzalis, No. 2772 pending in said county court, directing said judge to refrain from exercising further jurisdiction over said cause in the matter of a preliminary hearing.

It appears that the petitioner Chester Lee (Jim) Gonzalis was charged on June 14, 1954 by preliminary complaint, in the justice of the peace court, with the crime of murder. A plea of not guilty was entered and hearing thereon had on June 30, 1954, the said Gonzalis was bound over to the district court for trial without bail.

It further appears that on August 4, 1954, information was filed in the district court of Adair county, Oklahoma, charging said Gonzalis with the crime of murder, same being cause No. 1755. The defendant Gonzalis was arraigned on said information and entered a plea of not guilty and was committed to the county jail without bail. Thereafter a motion for change of venue was interposed on the ground that a fair and impartial trial could not be had in the county of Adair. The state did not contest such motion but agreed that the case could be transferred to the district court of Muskogee county for trial.

■ The case was set for trial on December 6, 1954, and on said date came on for hearing. The trial proceeded to the point of the selection of a jury. In seeking to empanel a jury the state had exhausted its nine peremptory challenges and the defendant eight peremptory challenges, whereupon the county attorney of Adair county, G. O. Grant, filed his written motion to dismiss said prosecution. The defendant objected to said motion on the ground it was an attempt to defeat the change of venue and jurisdiction of the district court of Muskogee county, Oklahoma, and with the intention of refiling a new charge in Adair county. The trial court declined to pass on the grounds alleged in the defendant's objection and holding the motion should be granted, for

the reason the matter of dismissing the prosecution was within the county attorney's discretion, and entered an order of dismissal accordingly.

■ Thereafter on December 9, 1954 the county attorney of Adair county, Oklahoma, filed in the county court before Joe M. Lynch of Adair county, a new preliminary complaint charging the petitioner Gonzalis with the crime of murder, this being the proceeding in which the writ was sought to prohibit the preliminary hearing.

It is contended by the petitioner that the county of Adair lost jurisdiction to conduct any further proceeding when a change of venue was granted and the case ordered removed to Muskogee county, Oklahoma, for trial. It was further expressly contended that the county court of Adair county was without jurisdiction in said matter, and the receiving county of Muskogee alone has jurisdiction to do all things pertinent therein, including the matter of conducting the preliminary hearing in the newly instituted prosecution against Gonzalis.

We are of the opinion the county attorney may elect to move for the dismissal of a prosecution but the dismissal of the prosecution is a matter of judicial discretion. A dismissal of a criminal prosecution cannot be effected except by order of the trial court. Smallwood v. State, 14 Okl.Cr. 125, 167 P. 1154; Kerker v. Superior Court, 38 Okl.Cr. 111, 259 P. 146; Washington v. State, 80 Okl.Cr. 300, 159 P.2d 278; Perry v. State, 84 Okl.Cr. 211, 181 P.2d 280, 286. But since the county attorney "is the legal representative of the state charged with the responsibility of investigating and prosecuting all public offenses, the trial judge will ordinarily accept his recommendation and dismiss the action." Perry v. State, supra.

On the question of venue of a new preliminary hearing after the dismissal of the original prosecution removed by change of venue to another county, Title 22, § 817, O.S.1951, provides:

"An order for the dismissal of the action, as provided in this Article, is

not a bar to any other prosecution for the same offense."

Washington v. State, supra; Ex parte Warrenburg, 63 Okl.Cr. 125, 73 P.2d 476.

Hence, the dismissal of the prosecution for murder pending in Muskogee county, the receiving county, on a change of venue is not a bar to a new prosecution. But the petitioner contends that any new prosecution which may be instituted, by reason of the change of venue, must be instituted in Muskogee county. The cases relied on by the petitioner to sustain this contention are not in point, since they do not involve the matter of a preliminary hearing but involve trials of cases on the merits after a change of venue. In McCurdy v. State, 39 Okl.Cr. 310, 264 P. 925, it was held that an investigation by a grand jury or preliminary examination by a magistrate is not a trial, and that under the provisions of § 17, Article 2 of the State Constitution, a preliminary hearing is analogous to an investigation by a grand jury. To the same effect is Inverarity v. Zumwalt, Okl.Cr., 279 P.2d 372. Herein, we are not confronted with a trial. Instead, we have a dismissal of an original prosecution which so far as that prosecution is concerned is at an end. The state and the accused are both back where they were before the original complaint was filed. Any prosecution must be brought in conformity with the provisions of Article 2, § 20 of the Constitution of Oklahoma, as follows:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed: Provided, that the venue may be changed to some other county of the State, on the application of the accused, in such manner as may be prescribed by law."

Under the foregoing provision it is apparent that any prosecution must be brought where the crime was committed. State v. Bennett, 81 Okl.Cr. 206, 162 P.2d 581. A change of jurisdiction must come by reason of the accused's application for change of venue, after the issues are joined and the case ready for trial. It has been held that jurisdiction over the cause is one thing; the power and duty to find a new bill of indictment upon whose charges that cause shall be tried, is another and totally distinct and different thing. State v. Patterson, 73 Mo. 695. There is a dearth of authority on this question but the cases have been collected and discussed in 18 A.L.R. 706, Ex parte Lancaster, 206 Ala. 60, 89 So. 721, wherein the Alabama court said:

"The removal of an indictment to another county for trial does not deprive the grand jury of the county where the crime was committed of jurisdiction to find a new indictment in case the first one is dismissed for any cause."

The same rule would apply to a prosecution instituted by the county attorney through preliminary complaint. It therefore appears that the county court of Adair county has the venue under the law of the new prosecution, jurisdiction of the subject matter, of the person of the petitioner, and authority to act in the matter of a preliminary hearing.

But in the event the petitioner is bound over at the preliminary hearing to the district court and he is charged in a new information, and he still believes he cannot have a fair trial in Adair county, application for change of venue will be available to him under Article 2, § 20 of the Oklahoma Constitution, and the provisions of Title 22, § 561, O.S.1951. The writ of prohibition is accordingly denied.

JONES, P. J., and POWELL, J., concur.