## JOHNSTON v. THE STATE.

Upon a change of venue in a criminal case, the county from which the case is· transferred loses all jurisdiction to try the accused upon the indictment trans-ferred at the time of the change, or any other indictment charging the same. offense.   CANDLER, J., dissenting.

Argued July 22, — Decided August 11, 1903.

Indictment for murder. Before Judge Fite. Dade superior court, May 20, 1903.

*F. W. Copeland* and *B. T. Brock*, for plaintiff in error.

*John C. Hart, attorney-general,* and *Sam P. Maddox, solicitor-general,* contra.

COBB, J.    The grand jury of Dade county returned an indictment against the accused, charging him with the offense of murder. He was placed upon his trial upon this indictment twice in Dade county, and the result in each instance was a mistrial.   The venue of the case was then by proper order changed to Whitfield county, and the accused was there placed upon trial, and the result was again a mistrial.   Subsequently, and while the indictment was still pending in Whitfield county, the grand jury of Dade county returned a presentment against the accused, charging him with the offense of murder, the presentment being based upon the same transaction upon which the indictment originating in Dade county and then pending in Whitfield county was founded.   When the accused was arraigned in Dade county upon this presentment, he interposed in writing objections, in the nature of a plea in abatement, to being tried in that county, setting up the facts above detailed, and alleging that by the change of venue the superior court of Dade county was without jurisdiction to try him under any indictment or presentment for the offense charged in the indictment which had been transferred to Whitfield county.   Anticipating that the reply to his objections or plea might be that the indictment which had been transferred to Whitfield county was defective because it had been preferred by a grand jury which was drawn from a box prepared by less than a majority of the jury revisers, he expressly in his plea or objections waived any defect or invalidity in the indictment on this or any other ground, and averred his willingness to go to trial upon the indictment as preferred.   The court, after hearing evidence, overruled the plea or objections, and the accused was found guilty.   The case is here upon a bill of exceptions assigning error upon the judgment overruling the objections in the nature of a plea in abatement, and upon the judgment overruling a motion for a new trial.

The power to change the venue in criminal cases is by the constitution vested in the superior courts, to be exercised in the man-

ner prescribed by law. Civil Code, § 5875. The law provides that when the judge of the superior court becomes satisfied that an impartial jury can not be obtained in a county, he may change the venue. Penal Code § 29. When the venue has been changed by order of the superior court, it is the duty of the clerk of the court of the county from which the case has been transferred to send to the superior court of the county to which the case has been transferred a transcript of the order for the change of venue, the evidence before the court of inquiry, a list of all the witnesses subpœnaed, and all other papers connected with the case. After the transfer the clerk of the court of the county to which the case is sent performs all the duties required of the clerk in such a case. Penal Code, § 940. If the accused is in custody at the time of the change of venue, by express provision of the law the sheriff of the county from which the prisoner is removed is required to deliver him to the sheriff of the county to which the case has been transferred; and that sheriff is required to take as complete charge of the prisoner as he has of other prisoners in his county. Penal Code, § 1129. It would seem to follow that if the accused had given bail prior to the change, his bail would be under obligation to produce him in the county to which the case has been transferred, and certainly if bail was given after the transfer of the case the condition of the bond would be for his presence and attendance at the superior court of the county to which the case had been transferred. The costs of the trial are, however, to be borne by the county in which the offense was committed. Penal Code, § 1083. It would seem, therefore, that when the change of venue has taken place, the county to which the transfer is made acquires exclusive jurisdiction to try the accused for the offense charged in the indictment which was transferred, both under that indictment and any other, founded upon the same transaction, which may be preferred thereafter, unless there is another change of venue, which the law permits if an impartial jury can not be obtained in the county to which the transfer is had. Penal Code, § 941. There is nothing in the law which contemplates that the case shall ever be remanded to the county in which the offense was committed. The venue may be changed from county to county until there has been a transfer to each county in the State; but, under the law as it now exists, there is no provision for remanding the case to a county

from which it has once been transferred.   When the judge passes an order reciting that an impartial jury can not be obtained in a given county, this in contemplation of law is a conclusive judgment of the fact recited, and the court of that county loses jurisdiction as completely as if the indictment had never originated in that county.

The facts of the case of Smith v. Commonwealth, 25 S. W. 106, are very similar to the facts of the present case.   The Court of Appeals of Kentucky there held that " A court, after change of venue, is without jurisdiction to entertain a second indictment against the same person, for the same offense, while the first indictment remains undisposed of."   See also Woodring v. State (Texas), 24 S. W. 293 ; Bowles v. State, 37 Tenn. 360 ; State v. Swepson, 81 N. C. 571, 575 ; State v. Twiggs (N. C.), Winst. 142.   We are therefore satisfied that the superior court of Dade county, upon the change of venue to Whitfield county, lost jurisdiction to try the accused upon the issue joined upon the indictment which was transferred, or upon any other indictment or presentment founded upon the same transaction and charging the same offense.   The fact that the original indictment was preferred by a grand jury drawn from a box which was the result of an illegal revision would have been a good objection to the indictment, if taken advantage of by the accused on his arraignment.   But after the accused had joined issue on the indictment and been tried twice in Dade county, this defect was waived by him and could not be taken advantage of after pleading to the merits.   This being true, certainly the State can not allege this defect in the indictment as a reason for ignoring or invalidating the order for the change of venue, especially after there had been a trial in the new county under the order.   The solicitor-general contended that the judge properly overruled the objections or plea of the accused, upon the ground that a copy of the original indictment was not attached thereto.   The written objections or plea as contained in the record show that the indictment which was transferred to Whitfield county charged the accused with the identical offense which was set forth in the presentment upon which he was last arraigned in Dade county; and as this could be the only purpose of attaching to the plea a copy of the indictment, failure to do so was no reason for overruling the objections.   It is said, though, that under the ruling in Irwin v. State, 117 Ga. 706, the

State has a right to prefer as many indictments against the accused for the same offense as the grand jury sees proper to find, and that the right to return other indictments is not lost by the change of venue. This is true; but we think the right to try the case in the county in which the offense was committed is lost by the change of venue. The grand jury of Dade county may have authority to prefer as many indictments as it sees proper against the accused, but the superior court of that county can not legally place the accused upon trial upon any of these indictments. The superior court of Whitfield county has the exclusive right to try the accused as long as the order changing the venue to that county stands unrevoked and unchanged. The clerk of the superior court of Dade county transmitted to Whitfield county all the papers connected with the case, at the time of the change of venue; and it may be his duty to transmit promptly all new indictments which may be preferred. On this question, however, it is not necessary at this time to express any opinion. What is now said goes only to the extent of holding that the superior court of Dade county has lost jurisdiction to try the accused, not only on the indictment which was transferred, but on any other indictment founded on the same transaction and charging the same offense.

*Judgment reversed. All the Justices concur, except Candler, J., dissenting, and Turner, J., not presiding.*

CANDLER, J., dissenting. " In a criminal proceeding the pendency of a former indictment for the same offense is no ground for a plea in abatement or in bar, although the accused may have been arraigned thereon and have filed a plea." *Irwin* v. *State*, 117 *Ga.* 706. In my opinion, it can make no difference that the venue of the former indictment may have been changed and the accused tried thereon, but neither acquitted nor convicted. The second indictment in the county of the original indictment is an entirely different proceeding, and is not affected by the ineffectual attempts to dispose of the case in the county to which the venue of the original indictment was changed.