### 43929. PATTERSON v. FAIRCLOTH.
(350 SE2d 243)

MARSHALL, Chief Justice.

The question presented in this case is one of first impression in this state. It is whether a superior court, on its own motion and over defense objection, possesses the authority to order a change in the venue of a murder trial on the ground that a fair and impartial jury cannot be empanelled in the county where the crime was allegedly committed. For reasons which follow, we answer this question in the negative, and we thereby disapprove any dicta to the contrary in *Wheeler v. State,* 42 Ga. 306 (1871). This case is also significant, because in this case we are entertaining original jurisdiction of a petition for a writ of prohibition, and through our judgment in the case we are granting the writ.

In 1975, the petitioner for writ of prohibition, Roy Lee Patterson, was convicted in the Crisp Superior Court of two counts of murder, and he was given two consecutive life sentences; his convictions and sentences were affirmed on direct appeal in *Patterson v. State,* 239 Ga. 409 (238 SE2d 2) (1977). However, Patterson's convictions subsequently were reversed in federal habeas corpus proceedings because of a burden-shifting jury instruction. *Patterson v. Austin,* 728 F2d 1389 (11th Cir. 1984). Patterson was retried in the Crisp Superior Court in May of 1986. The jury was unable to reach a verdict — nine jurors voting to acquit, and three jurors voting to convict. Accordingly, a mistrial was declared. Subsequently, the superior court judge presiding over Patterson's retrial entered an order, on his own motion, decreeing a change of venue on the ground that "after two trials and the accompanying publicity . . . an impartial jury cannot be obtained in Crisp County. . . ."

Patterson filed a petition for writ of prohibition in the Crisp Superior Court seeking to prohibit the trial judge from enforcing the sua sponte order for a change of venue. Although Patterson was not allowed to file this petition as an independent action, the petition was assigned to a judge other than the judge presiding over the trial, and the judge to whom the petition was assigned denied the petition. Pat-

terson filed a petition for writ of prohibition in this court, seeking the same relief as the petition filed in superior court. Without ultimately ruling on that petition, we stayed the retrial of the case in order to give Patterson an opportunity to seek a certificate of immediate review of the order of the superior court denying the writ. It appears that Patterson did not seek a certificate of immediate review of the order of June 4, 1986, decreeing a change of venue, or of the order of August 20, 1986, selecting Ben Hill County as the county from which the petit jury would be selected. Nonetheless, we have proceeded by continuing in effect the stay of the retrial, and we have ordered the parties to submit briefs on the question of whether, under the constitutional and statutory laws of this state, a superior court possesses the authority, on its own motion and over the defendant's objection, to change venue in a criminal case on the ground that a fair and impartial jury cannot be empanelled.

1. Insofar as is relevant herein, Georgia's constitutional law regarding change of venue in criminal cases is as follows:

"[A]ll criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county." Art. VI, Sec. II, Par. VI of the Georgia Constitution of 1983; *Hannah v. State*, 212 Ga. 313, 318 (92 SE2d 89) (1956); *Miller v. State*, 174 Ga. App. 42 (6) (329 SE2d 252) (1985).

"The power to change the venue in civil and criminal cases shall be vested in the superior courts to be exercised in such manner as has been, or shall be, provided by law." 1983 Georgia Constitution, Art. VI, Sec. II, Par. VIII; *Woolfolk v. State*, 85 Ga. 69 (2) (11 SE 814) (1890).

2. Insofar as is relevant herein, Georgia's statutory law regarding change of venue in criminal cases is as follows:

OCGA § 17-2-2 (a) provides, "Criminal actions shall be tried in the county where the crime was committed, except as otherwise provided by law." OCGA § 17-7-150 (a) provides, in material part, that "[t]he defendant, in any criminal case in which a trial by jury is provided, may move in writing for a change of venue, whenever, in his judgment, an impartial jury cannot be obtained in the county where the crime is alleged to have been committed."

OCGA § 17-7-150 (b) provides, in material part, "The judge of the court in whose jurisdiction a crime is alleged to have been committed may change the venue for trial of the case on his own motion whenever, in his judgment, there is danger of violence being committed on the defendant, if carried back to, or allowed to remain in the county where the crime is alleged to have been committed."

3. Under Art. VI, Sec. II, Par. VIII of the Georgia Constitution of 1983, supra, the power of the superior court to change venue in a

criminal case can only be exercised "in such manner" as provided by statute.

Georgia's statutory law gives the defendant in a criminal case the express authority to move for a change of venue where an impartial jury cannot be obtained in the county where the crime was alleged to have been committed, OCGA § 17-7-150 (a), or where there exists a danger of violence being committed on the defendant in such case. OCGA § 17-7-150 (b). The judge of the superior court is given statutory authority to change venue on his own motion only "whenever, in his judgment, there is danger of violence being committed on the defendant . . ." OCGA § 17-7-150 (b).

Consequently, we hold that under Georgia's constitutional and statutory law, the superior court judge lacks the authority to grant a change of venue in a criminal case on his own motion and over defense objection on the ground that a fair and impartial jury cannot be obtained in the county where the crime was allegedly committed.

4. A close reading of *Wheeler v. State*, supra, reveals that that decision does not constitute precedential authority in support of an opposite result.

In *Wheeler*, the trial judge, over the defendant's objection, did change the venue of his murder trial from DeKalb County, where the crime was allegedly committed, to Fulton County, on the ground that an impartial jury could not be obtained in DeKalb County. On appeal from his conviction of murder in the Fulton Superior Court, this court held that although the order of removal was objected to by the defendant, there was no error assigned in this court so as to enable this court to review it. 42 Ga. at p. 307. This court further held that the DeKalb Superior Court's removal order could not be collaterally attacked in the Fulton Superior Court. Id.

The import of the *Wheeler* decision is somewhat obscured by the citation in support of the court's holding that under the Georgia Constitution, the superior court in which the crime is committed has original jurisdiction for the trial of the defendant except where the presiding judge thereof is satisfied that an impartial jury cannot be obtained in that court. Id. However, in view of the court's anterior holdings that the order changing venue had not been preserved for appellate review, the *Wheeler* decision, as previously stated, does not constitute precedential authority for the proposition that the trial judge in that case possessed the legal authority to order the change of venue.

To the extent that any dicta in *Wheeler* may be inconsistent with our decision herein, it is disapproved.

5. Nor does our canvassing of case law from other jurisdictions alter our conclusion.

It does appear that although at common law, there was a general

rule requiring the crime to be tried in the county or vicinage where it was committed, either the defense or the prosecution had the right to move for a change of venue on the ground that a fair trial could not be obtained in the county where the crime occurred. *Crocker v. Justices of Superior Court,* 94 NE 369 (Mass. 1911); *Barry v. Truax,* 99 NW 769 (3) (N.D. 1904).

However, weighty arguments can be made to the effect that the grant of a change in venue over defense objection in a criminal case violates the defendant's constitutional right, grounded in part in due process, to be tried in the county where the crime occurred. See Daniel, Ga. Crim. Trial Prac. (1985 ed.), § 14-45. Thus, in this country, there exists a clear split of authority on the question of whether a constitutional or statutory provision requiring the case to be tried in the county where the crime was committed gives the defendant an absolute right to be tried in such county, thereby precluding the prosecution from moving for a change of venue on the ground that a fair trial cannot be obtained therein. Cf. *United States v. DiJames,* 731 F2d 758, 761 (11th Cir. 1984) and cit., with *Barry v. Truax,* supra, and cits. See 21 AmJur2d 629, Criminal Law, § 377 (1981); 46 ALR3d 295, Annot., Change of Venue by State in Criminal Case (1972). There also exists a split of authority on the question of whether, in the absence of constitutional or statutory provisions regulating the change of venue in criminal cases or giving the prosecution the express right to move for a change of venue, the trial court possesses inherent authority to order a change of venue over defense objection on the ground that a fair trial is unobtainable in the county where the crime occurred. See *Jackson v. Superior Court,* 13 Cal. App. 3rd 440 (91 Cal. Rptr. 565, 46 ALR3d 290) (1970) and cits.; *Heslop v. State,* 95 A2d 880 (Md. 1953) and cits. See also *State of Oregon ex rel. Ricco v. Biggs,* 255 P2d 1055, 38 ALR2d 720 (Or. 1953), overruled on other grounds, *State of Oregon ex rel. Maizelcs v. Juba,* 460 P2d 850 (Or. 1969).

However, the cases are in accord that where, as here, there do exist state constitutional and statutory provisions regulating the change of venue in criminal cases, the question of whether the trial court, on its own motion and over defense objection, is allowed to change venue because of the unobtainability of a fair trial is largely a question of interpreting the applicable local statutory and constitutional law. See *Ex parte Lancaster,* 89 S 721, 18 ALR 706 (Ala. 1921); *Commonwealth v. Kentucky,* 15 SW 53 (Ky. 1891); *Fletcher v. District Court of Jefferson County,* 238 NW 290, 80 ALR 339 (Iowa 1931); *State ex rel. Hornbeck v. Durflinger,* 76 NE 291 (Ohio 1905); 46 ALR3d, supra at p. 310 et seq.

For the reasons given in Division 3, supra, we interpret our state law as denying the superior court this power. We do not reach any

issue of the defendant's constitutional rights.

6. We must, therefore, reverse the order of the superior court denying the petition for writ of prohibition, which seeks to restrain the trial court from changing venue, over the defendant's objection, on the ground that a fair trial cannot be obtained in the county where the crime was committed.

Under the posture of this particular case, the defendant had no right to appeal the order of the superior court denying the petition for writ of prohibition. This distinguishes this case from the line of cases represented by *Carey Canada, Inc. v. Head*, 252 Ga. 23 (310 SE2d 895) (1984). The fact that the defendant could have, but apparently did not, seek a certificate of immediate review of the venue orders would provide grounds for our refusal to entertain the petition. However, there exists in this case an important consideration of judicial economy, in that if we do not grant the writ, a murder trial infected by reversible error will be unnecessarily conducted. This provides sufficient grounds for our refusal to abstain from deciding whether the writ should be granted.

*Writ of Prohibition issued; judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 26, 1986.

*Kenneth S. Canfield, C. B. King, Dennis C. Sweet*, for appellant.
*Edwin T. Cotton, District Attorney, William B. Hill, Jr., Special Assistant District Attorney, Michael J. Bowers, Attorney General, Harrison Kohler, Senior Assistant Attorney General, George P. Shingler, Assistant Attorney General*, for appellee.
*Donald F. Samuel, Roger J. Dodd*, amicus curiae.