## S89A0358. HOLCOMB v. ELLIS.
(385 SE2d 670)

CLARKE, Presiding Justice.

This case raises two issues: (1) whether an action for declaratory judgment is appropriate in this instance, and (2) whether the venue of this paternity action is in Fulton County, the county of the putative father's residence. We do not reach the question of the appropriateness of declaratory judgment as a remedy for reasons stated in this opinion and we hold that venue is properly in Glynn County, where this action was originally filed by the putative father because he has waived the right to venue in Fulton County.

In this case, the putative father filed an action for declaratory judgment pursuant to OCGA § 9-4-1 that he was not the father of the child or, if it should be determined that he was the biological father, that the court enter an order declaring with specificity his support obligation and his visitation rights and to legitimate the child under OCGA § 19-7-22. The action was filed in Glynn County, the residence of the mother.

The mother answered that a declaratory judgment action was inappropriate and the complaint should be dismissed as failing to state a claim upon which relief could be granted. She asserted that the complaint should be brought as a paternity action under OCGA § 19-7-43, that the Glynn County Superior Court lacked subject matter jurisdiction over such a paternity action, and that the venue was inappropriate in Glynn County. The putative father amended his complaint to add a count seeking to establish the paternity of the child pursuant to OCGA § 19-7-43 (5) and for a declaration of his obligation and responsibilities if it should be determined that he is the biological father.

After the putative father amended the Glynn County complaint, the mother filed a paternity action in Fulton County. The Fulton County Superior Court denied the putative father's plea in abatement. The Glynn County Superior Court, apprised of the action by the Fulton County Superior Court, dismissed his complaint for lack of proper venue. This court granted a discretionary appeal. We reverse.

1. We need not consider the issue of the validity of an action for declaratory judgment as a remedy in a paternity case because the putative father in this case amended his complaint to add a count seeking paternity and therefore converted the action into a paternity suit.

2. We now consider whether Glynn or Fulton County is the proper venue in this action. The statute dealing with paternity suits provides that such actions may be brought by the child, the mother of the child, any relative in whose care the child has been placed, the Department of Family and Children Services, or the putative father. OCGA § 19-7-43. The statute further mandates that the action be

brought in the county of the residence of the putative father. We deem this to be an effort on the part of the legislature to comply with the Georgia Constitution of 1983, Art. VI, Sec. II, Par. VI, which mandates that all civil cases shall be tried in the county where the defendant resides. We believe this is true because under most circumstances it is the putative father against whom relief is being sought and the statute fixes venue in paternity cases for his benefit.

The venue rights established under the Georgia constitution may be waived. See *Bradford v. Mills*, 208 Ga. 198 (66 SE2d 58) (1951), in which this court held: ". . . one may waive or renounce what the law or Constitution has established in his favor . . . ." Since the putative father chose the county of the residence of the mother and the child and decided to forego filing his action in the county of his own residence, we hold this to be such a waiver. We further hold that the filing of the action in the county of the residence of the defendant comports with the constitutional provisions. Under these circumstances, the mother cannot be heard to complain on the issue of venue.

Having established that venue is proper in Glynn County, we must decide whether the Glynn County action should have been dismissed for any other reason. OCGA § 9-2-5 (a) provides that "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party . . . . If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." The allegations of the wife should have been raised as a compulsory counterclaim under OCGA § 9-11-13, rather than in a separate suit in Fulton County, for it is ". . . clear that a party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit." *Harbin Lumber Co. v. Fowler*, 137 Ga. App. 90, 92 (222 SE2d 878) (1975).

Therefore, since the putative father was entitled to waive venue and bring an action for declaratory judgment in Glynn County and amend that action to add a count seeking to have paternity established, and since mother's claim of putative father's paternity was a compulsory counterclaim to his action, we find that the Glynn County Superior Court erred in dismissing the action.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 30, 1989.

*Rountree & Souther, George M. Rountree,* for appellant.
*Paul L. Hanes, Corinne M. Mull-Milsteen, Edward R. Zacker,* for appellee.