## S94A0378. HARDWICK v. THE STATE.
### (442 SE2d 236)

HUNT, Chief Justice.

This is a case in which the state is seeking the death penalty. We granted Kenneth Hardwick's application for interlocutory appeal to review the trial court's rulings regarding Hardwick's motion for change of venue.

In November 1992, Hardwick filed a motion for change of venue alleging that due to extensive pre-trial publicity an impartial jury could not be obtained in Gwinnett County to try his case. The parties discussed with the trial court several other venues, including Bibb and Chatham counties. Pursuant to OCGA § 17-7-150 (a), the district attorney and Hardwick's lawyer announced to the court that they had agreed to try the case in Chatham County. However, following this announcement, the state conducted a cost analysis of holding trial in Chatham County. The state thereafter filed a motion to "preserve

---

trial venue," in which it maintained that, while it was still agreeable to selecting a jury in Chatham County, "financial and logistical considerations make remaining there beyond voir dire extremely impractical."[1] The state moved that the jury be selected in the venue agreed to by the parties, but that trial of the case be conducted in Gwinnett County.

The trial court found that after the financial and logistical problems associated with conducting the trial in Chatham County became apparent, "the State consented only to the selection of jurors in Savannah, Georgia and asserted that pursuant to Uniform Superior Court Rule 19.2 (B), the jurors selected be transported to Gwinnett County for actual presentation of the case." The trial court noted that further attempts by the state and defense to agree on a trial venue other than Chatham County were unsuccessful. The trial court then evaluated the hardships of conducting trial in Chatham County, and "[a]fter weighing all the factors involved . . . decline[d] to accept" the original agreement of the parties to hold trial in Chatham County in favor of "a less distant and problematic venue."[2] Thereafter, the trial court entered an order granting Hardwick's motion for change of venue but rejecting the parties' agreement selecting Chatham County as the trial venue. The trial court ordered that venue be changed to Bibb County.[3] However, the trial court concluded that it "reserves its option pursuant to Uniform Superior Court Rule 19.2 (B) to return the jurors selected in this case to Gwinnett County for trial."

We granted Hardwick's application for interlocutory review to determine 1) whether, if the parties have agreed to change of venue to Chatham County, OCGA § 17-7-150 (a) requires the trial court to transfer the case to that venue; and 2) whether USCR 19.2 (B) conflicts with OCGA § 17-7-150 (a). We conclude that OCGA § 17-7-150 (a) does not preclude the trial court from exercising its discretion to reject the parties' agreement regarding venue and to order venue in another county. We further conclude that because USCR 19.2 (B) conflicts with OCGA § 17-7-150 (a), a trial court may not return ju-

---

[1] According to the state's cost analysis, a two-week trial in Chatham County, excluding jury selection, would cost between $60,000 and $70,000 above the cost of trial in Gwinnett County. The state also pointed out that holding trial in Chatham County would create a hardship for the witnesses in the case, most of whom are Gwinnett County residents.

[2] This court denied Hardwick's application for interlocutory review based on the trial court's first order on the ground that the order failed to dispose entirely of the motion for change of venue. Subsequently, the trial court entered the order that is the basis for this appeal.

[3] In designating this site the trial court noted that Bibb County is outside the media focus of this case; that it is much closer to Gwinnett County than is Chatham County, thus reducing financial, safety and travel burdens in transporting court staff and over 40 witnesses to the trial site; and that Bibb County is willing to accommodate Gwinnett County in conducting the trial there.

rors from the county of venue to the original county for trial.

1. OCGA § 17-7-150 (a) provides in pertinent part that if the trial court decides that venue should be changed, "the judge shall transfer [the case] to any county that may be agreed upon by the prosecuting attorney and the defendant or his counsel, to be tried in the county agreed upon." While this statute was enacted in 1895, the appellate courts of this state have not addressed the issue of whether the trial court is required to transfer the case to *any* county selected by the parties. Initially we must decide whether the language providing that the trial court "shall" transfer the case to any county agreed on by the parties, is mandatory or directory.

The general rule is that "shall" is recognized as a command, and is mandatory. See *State of Ga. v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993); *Jones v. Douglas County*, 262 Ga. 317, 323 (1) (d) (418 SE2d 19) (1992); *Bailey v. Dobbs*, 227 Ga. 838, 842 (183 SE2d 461) (1971).

> To give effect to the intention of the legislature, courts are not controlled by the literal meaning of the statute, but the spirit or intention of the law prevails over the letter thereof. [Cits.] Where the letter of the statute results in absurdity or injustice or would lead to contradictions, the meaning of general language may be restrained by the spirit or reason of the statute . . . . It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature. [Cits.]

*Barton v. Atkinson*, 228 Ga. 733, 738-739 (187 SE2d 835) (1972); see also *Wood v. N. Y. Life Ins. Co.*, 255 Ga. 300, 303 (336 SE2d 806) (1985).

The legislature intended, by enacting OCGA § 17-7-150, to establish a procedure for securing a venue where an impartial jury can be obtained when "an impartial jury cannot be obtained in the county where the crime is alleged to have been committed."[4] We agree with the trial court that a mandatory construction of OCGA § 17-7-150 (a) to require the trial court to accept the state and defense selection of "any county" as the site for trial does not take into account the inherent duty and right of the trial court to examine potential problems

---

[4] We note that the trial court's determination of whether an impartial jury may be obtained in a given county to try the case is entitled to great deference. *Isaacs v. State*, 259 Ga. 717, 726 (15) (386 SE2d 316) (1989). Additionally, OCGA § 17-7-150 provides that, if the trial court orders a change of venue, the parties are to select the venue in which the case will be tried. If the parties are unable to agree on a venue, the statute provides that the trial court will select a county which "will afford a fair and impartial jury to try the case."

with regard to the suitability of the selected county to provide a "fair and impartial" trial venue. Nor does it recognize the trial court's duty to consider financial, travel, security and logistical burdens which may attach to the venue selected by the parties. Such a construction of the statute could, in some instances, lead inadvertently to unreasonable, unjust, or absurd results. Thus, we construe the relevant language of OCGA § 17-7-150 (a) to be directory rather than mandatory, and to allow the trial court to reject the parties' agreement when it determines, within its discretion, that the selected venue is unsuitable. The trial court may afford the parties the opportunity to select another trial venue, or the trial court may designate the venue. This construction of the statute gives effect to the legislature's intention that a defendant be tried before "an impartial jury," and further ensures that application of the statute will not result in unreasonable consequences. *Barton v. Atkinson,* supra.

After reviewing the record, we conclude the trial court did not abuse its discretion in rejecting the agreement of the parties to move the case to Chatham County, and in ordering that venue be changed to Bibb County.

2. As stated above, the trial court granted a change of venue to Bibb County, but "reserve[d] its option pursuant to [Uniform] Rule 19.2 (B) to return the jurors selected to Gwinnett County for trial." That rule provides:

> When there has been an order granting change of venue to the superior court of a county other than that in which the action theretofore pended, the trial jury shall be selected from qualified jurors of the transferee county although the trial of the action may, in the discretion of the presiding judge, take place in the transferor county.

We conclude this rule is unenforceable, absent consent of the parties, because it is inconsistent with OCGA § 17-7-150 (a).[5]

"Venue" is defined as "the place of trial." *Williams v. Fuller,* 244 Ga. 846, 849 (3) ( 262 SE2d 135) (1979). Thus, when venue is changed pursuant to OCGA § 17-7-150 (a), construed above, the case is transferred *"to be tried* in the county agreed upon," (emphasis supplied) or in the transferee county selected by the judge. USCR 19.2 (B) must yield because it purports to provide a manner to change venue in a criminal case, i.e., the place of trial, which manner is inconsistent with the applicable statute, OCGA § 17-7-150 (a). See Preamble, Uni-

---

[5] Of course, the defendant may waive any potential defense of improper venue, OCGA § 9-11-12 (h) (1) (B). See *Holcomb v. Ellis,* 259 Ga. 625, 626 (2) (385 SE2d 670) (1989).

form Rules for the Superior Courts;[6] see also *Russell v. Russell*, 257 Ga. 177 (356 SE2d 884) (1987).[7]

In summary, we affirm the trial court's decision to change venue to Bibb County. However, we reverse the trial court's order insofar as it reserves an option under USCR 19.2 (B) to try the case in Gwinnett County. Assuming the jury is selected from Bibb County, the case will be tried there.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham, P. J., who concurs in the judgment only.*

DECIDED MAY 2, 1994.

*Ronnie K. Batchelor,* for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rowe & Lawler, Thomas C. Lawler III,* for appellee.

---

[6] The Preamble provides that "[i]t is not the intention, nor shall it be the effect, of these [Uniform Superior Court] rules to conflict with the Constitution or substantive law, either per se or in individual actions and these rules shall be so construed and in case of conflict shall yield to substantive law."

[7] We do not comment on the wisdom of USCR 19.2 (B). However, the General Assembly would have to enact legislation in order to allow the procedure provided by that rule. See Art. VI, Sec. II, Par. VIII of the 1983 Ga. Const.; see also OCGA § 17-2-2; *Schiefelbein v. State*, 258 Ga. 623 (373 SE2d 354) (1988); *Patterson v. Faircloth*, 256 Ga. 489, 490-491 (350 SE2d 243) (1986).