## S08A1819. WALLACE v. THE STATE.
### (667 SE2d 590)

BENHAM, Justice.

Appellant Jack Ray Wallace was convicted of the 1990 murder of his estranged wife, and his conviction was affirmed in *Wallace v. State*, 272 Ga. 501 (530 SE2d 721) (2000). In January 2008, Wallace filed a motion pursuant to OCGA § 17-9-4 to vacate the judgment of conviction as void. The trial court denied the motion and Wallace filed a direct appeal to this Court.

The denial of a motion filed pursuant to OCGA § 17-9-4 is directly appealable. *Chester v. State*, 284 Ga. 162 (2) (664 SE2d 220) (2008). OCGA § 17-9-4 provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." A motion that alleges a ground upon which the judgment of conviction can be declared void is filed pursuant to OCGA § 17-9-4. Id., *Collins v. State*, 277 Ga. 586 (591 SE2d 820) (2004). If the motion alleges a ground which would not void the conviction, the motion does not qualify as an OCGA § 17-9-4 motion and the trial court's ruling on the motion is not directly appealable. Id. Instead, the convicted defendant must raise the issue in the direct appeal from the judgment of conviction, in an extraordinary motion for new trial, in a petition for a writ of habeas corpus, or in a motion in arrest of judgment. Id.

Appellant asserts his murder conviction is void because venue was not in Ware County and because the trial court improperly amended the one-count indictment when it responded to an inquiry from the deliberating jury. Such allegations are grounds upon which a judgment of conviction can be declared void. *Bradley v. State*, 272 Ga. 740 (3) (533 SE2d 727) (2000) (" 'If a defendant is tried in the wrong venue, that trial court lacks jurisdiction of the offense so that no jeopardy attaches.' [Cit.]"); *Ingram v. State*, 211 Ga. App. 252 (1) (438 SE2d 708) (1993) (if the indictment returned by the grand jury is materially affected by the trial court amending it by striking from or adding to its allegations, " 'it becomes void and can not be the basis of a conviction.' [Cit.]").

1. Venue. "[A]ll criminal cases shall be tried in the county where the crime was committed. . . ." Ga. Const. 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2 (a). A "[c]riminal homicide shall be

considered as having been committed in the county in which the cause of death was inflicted." OCGA § 17-2-2 (c). When, as was the situation in the death of Kimberly Wallace, "a dead body is discovered in this state and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered." OCGA § 17-2-2 (c). Since the victim's body was discovered in Ware County and it was not readily determined in what county the cause of death had been inflicted, venue was properly in Ware County.

2. Indictment. The indictment returned against appellant by the Ware County grand jury accused him and three others with "unlawfully and with malice aforethought, caus[ing] the death of Kimberly Wallace, a human being, by strangulation, and did conspire with each other to commit said crime. . . ." During its deliberations, the jury inquired whether they had "to find each individual [defendant] guilty or not guilty of malice murder and/or conspiracy for murder? Is conspiracy a separate consideration?" In response to the inquiry, the trial court told the jury the defendants were charged only with murder and not with conspiracy. Inasmuch as the indictment did not charge appellant and his co-defendants with the crime of conspiracy to commit murder (compare *Sexton v. State*, 269 Ga. App. 709 (1) (605 SE2d 103) (2004)), the trial court's response to the jury inquiry did not constitute a judicial amendment that materially affected the indictment and voided it.

The trial court did not err when it denied appellant's motion to vacate void judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

Jack R. Wallace, *pro se.*

*Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.