S09A0650. GLEAN v. THE STATE.
(684 SE2d 615)

HINES, Justice.

Michael Glean appeals from an order denying his motion pursuant to OCGA § 17-9-4 to declare a judgment of conviction void. Finding that the trial court erroneously determined that it did not have jurisdiction to hear the motion, we reverse and remand the case to the trial court for further proceedings.

In 1992, Glean was convicted of the malice murder of Kimberly Wallace, after being apprehended in Ware County while piloting a

---

small airplane that held her body. See *Glean v. State*, 268 Ga. 260 (486 SE2d 172) (1997). Prior to the crime, Glean, a former attorney, had represented the victim's husband, Jack Ray Wallace in a divorce action. Id. See also *Wallace v. State*, 272 Ga. 501 (530 SE2d 721) (2000). The indictment charging Glean with malice murder was returned by a grand jury in Ware County, and Glean moved for a change of venue. The trial court granted the motion and transferred venue to Chatham County. A jury was selected in Chatham County, and taken back to Ware County for trial, under then Uniform Superior Court Rule ("USCR") 19.2 (B). Glean was convicted of malice murder and sentenced to life in prison by a judge of the Superior Court of Ware County. He appealed, asserting a variety of errors, and the judgment of conviction was affirmed. See *Glean*, supra.

On August 19, 2008, Glean filed in the Superior Court of Ware County, a motion styled: "OCGA 17-9-4 Motion in Law & Equity to (A) Declare the 'Judgment of Conviction' & the 'Judgment of Sentence' Against Him, in the Premises, a Void, Illegal & Unenforceable 'Nullity,' and (B) to Grant Him Appropriate Relief." Among other claims, Glean asserted that when the trial court granted a change of venue to Chatham County, the Superior Court of Ware County was completely deprived of jurisdiction, but that he was nonetheless convicted and sentenced by the Superior Court of Ware County. See *Johnston v. State*, 118 Ga. 310, 313 (45 SE 381) (1903) ("When the judge passes an order reciting that an impartial jury can not be obtained in a given county, this in contemplation of law is a conclusive judgment of the fact recited, and the court of that county loses jurisdiction as completely as if the indictment had never originated in that county."). The trial court rejected Glean's motion on September 2, 2008, stating that Glean's only remedy was through a petition for a writ of habeas corpus.[1]

The trial court erred in declaring that Glean's only remedy was by writ of habeas corpus.

> The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.

---

[1] The trial court declared that Glean's motion was "denied." We note that, having mistakenly determined that it did not have jurisdiction, the logical course for the trial court, operating under that mistake, to follow was to dismiss the motion, rather than to deny it. See *Smith v. State*, 283 Ga. 376 (659 SE2d 381) (2008); *Foskey v. State*, 232 Ga. App. 303, 304 (501 SE2d 856) (1998).

OCGA § 17-9-4. An assertion that a judgment is void because venue is improper is cognizable under OCGA § 17-9-4, and the denial of such a motion is directly appealable. *Wallace v. State*, 284 Ga. 429 (667 SE2d 590) (2008). See also *Chester v. State*, 284 Ga. 162, 163 (2) (664 SE2d 220) (2008). Thus, at least one of Glean's claims was properly before the trial court in his OCGA § 17-9-4 motion and should have been addressed.[2] Accordingly, the judgment below is reversed, and the case is remanded to the trial court for a determination of the merits of any claims properly presented under OCGA § 17-9-4.

*Judgment reversed and case remanded with direction. All the Justices concur, except Benham, J., who dissents, and Carley, P. J., who is disqualified.*

BENHAM, Justice, dissenting.

I disagree with the majority's determination that the judgment of the trial court must be reversed and the case remanded to the trial court. While I disagree with the rationale the trial court employed to deny the motion, the motion was properly denied since it lacked merit. Following the rationale that "a judgment right for any reason will be affirmed" (*Brissey v. Ellison*, 272 Ga. 38, 40 (526 SE2d 851) (2000)), I would affirm the trial court's denial of Glean's motion.

1. Glean sought to have the trial court declare null and void the sentence of life imprisonment imposed upon him as a result of his conviction for malice murder. Glean's conviction was affirmed by this Court in *Glean v. State*, 268 Ga. 260 (486 SE2d 172) (1997). The trial court's action on a motion seeking to have a sentence declared null and void is directly appealable. See *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999) ("[T]he denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right.").

" 'A sentence is void if the court imposes punishment that the law does not allow.' [Cit.]" *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004). A sentence of life imprisonment following a conviction for malice murder is punishment the law allows. Former OCGA § 16-5-1 (d) ("A person convicted of the offense of murder shall be punished by death or by imprisonment for life."). Since the sentence

---

[2] In Glean's direct appeal from his conviction, this Court addressed a claim that it was error to bring the Chatham County jury back to Ware County, but did so only in the context of then USCR 19.2 (B), and Glean's failure to object to the "trial court's erroneous reliance on USCR 19.2 (B)." *Glean*, supra at 264 (2) (c). No issue of whether Glean's conviction was void for failure of venue was ruled upon by this Court, and thus there is no decision on that question which constitutes the "law of the case." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

imposed was allowable by law, that portion of appellant's motion seeking to have the sentence declared null and void is without merit, and the trial court should have denied the motion instead of dismissing it.[3]

2. Glean asserts that the judgment of conviction against him and the sentence imposed as a result thereof are void because the trial court, the Superior Court of Ware County, did not have jurisdiction to impose a sentence inasmuch as Glean's motion for change of venue from Ware County had been granted. See *Glean v. State*, supra, 268 Ga. at 263-264. The change of venue was obtained by empaneling Chatham County jurors who then heard the case in Ware County in a trial presided over by a superior court judge of Ware County, pursuant to Uniform Superior Court Rule 19.2 (b). Id. See also *Mobley v. State*, 265 Ga. 292 (12) (455 SE2d 61) (1995); *Hittson v. State*, 264 Ga. 682 (15) (449 SE2d 586) (1994). Two years after Glean's trial, the practice of effecting a change of venue by empaneling a jury from another county to hear the case in the county in which venue lay was ruled "unenforceable, absent consent of the parties, because it [was] inconsistent with OCGA § 17-7-150 (a) [(1992)]." *Hardwick v. State*, 264 Ga. 161 (2) (442 SE2d 236) (1994), superseded by legislative enactment, OCGA § 17-7-150 (a) (3) (1995).

Glean contends the Superior Court of Ware County "lost jurisdiction" of the case when it granted the change of venue. A criminal case is to be tried in the county where the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI), and venue to try the murder charges lodged against Glean was in Ware County since the victim's body was found in that county and it could not be readily determined in what county the cause of death was inflicted. OCGA § 17-2-2 (c). Additionally, the superior court of a county has exclusive jurisdiction over trials of an adult charged with a felony, and murder is a felony. Ga. Const. 1983, Art. VI, Sec. IV, Par. I; OCGA § 16-1-3 (5) (" 'Felony' means a crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months"); former OCGA § 16-5-1 (d) ("A person convicted of the offense of murder shall be punished by death or by imprisonment for life"). Contrary to Glean's contention,

---

[3] Glean also asserts the life sentence is void because he was denied counsel to pursue his motion for new trial and his direct appeal. However, such an alleged deprivation of counsel is not an allegation that can result in declaring a sentence void since it does not set forth how the imposition of a mandatory minimum sentence of life imprisonment is the imposition of punishment not allowed by law. *Jones v. State*, supra, 278 Ga. at 670. Inasmuch as Glean's assertion is not one which could be the basis for a declaration that the sentence imposed was void, but is, instead, an assertion of erroneous procedure or unfair treatment, the trial court's ruling is not subject to direct appeal but must be pursued by petition for writ of habeas corpus. Id. at 671.

the court which heard his case had jurisdiction to do so. The decision to change the venue of the trial from Ware County was to obtain an impartial jury because the trial court had determined that an impartial jury could not be obtained from the venire in Ware County. See *Hardwick v. State*, supra, 264 Ga. at 163. That an impartial jury could not be obtained from the Ware County venire did not deprive the Superior Court of Ware County of jurisdiction to hear the trial of an adult accused of committing a felony in Ware County. It, in effect, deprived the venire of Ware County from sitting as jurors in the case. Inasmuch as a judge of the Superior Court of Ware County had jurisdiction to preside over the case and impose the mandatory sentence upon Glean's conviction, the conviction and the sentence imposed are not void.

In conclusion, Glean's motion was without merit and the trial court's denial of the motion is not error. Accordingly, I would affirm the judgment of the trial court.

DECIDED OCTOBER 5, 2009.

Michael A. Glean, *pro se.*

*Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.