**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**June 25, 2021**

# In the Court of Appeals of Georgia

A21A0541.  METROPOLITAN  ATLANTA  RAPID  TRANSIT AUTHORITY et al. v. INGRAM.

REESE, Judge.

John Ingram (the "Appellee") filed a negligence suit against the Metropolitan Atlanta Rapid Transit Authority ("MARTA") and Fasil Zewdie (collectively, the "Appellants") in DeKalb County State Court following a vehicle collision. The Appellants filed a motion to dismiss or, in the alternative, to transfer venue to the Fulton County Superior Court pursuant to Section 10 (t) of the MARTA Act of 1965 (the "MARTA Act of 1965" or the "Act").[1] The State Court of DeKalb County denied the Appellants' motion, and we granted the Appellants' application for interlocutory review. The Appellants argue on appeal that the MARTA Act of 1965, rather than the

---

[1] Ga. L. 1965, pp. 2243, 2265, § 10 (t).

Georgia Constitution, determines venue because the Appellants are not joint tortfeasors,[2] and therefore, the trial court erred in denying their motion. We disagree, and for the reasons set forth infra, affirm the trial court's ruling.

"The denial of a motion to transfer is reviewed for an abuse of discretion, and we will affirm the trial court's findings on disputed factual questions relating to venue if there is any evidence to support them. But we review de novo the trial court's application of the law to undisputed facts."[3] So viewed, on September 25, 2018, a MARTA bus, driven by Zewdie, was involved in a collision with a Chevrolet Silverado truck, in which the Appellee was a passenger. At the time of the collision, Zewdie was "employed by [MARTA] as a bus operator working within the course of [his] employment with MARTA[,]" and was a DeKalb County resident. The Appellee alleged that he suffered injures as a result of the collision.

The Appellee sued the Appellants in DeKalb County State Court based on Zewdie's residence. The Appellants filed a motion to dismiss or, alternatively, to transfer venue based on Section 10 (t) of the MARTA Act of 1965. They argued that

---

[2] Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

[3] *HD Supply v. Garger*, 299 Ga. App. 751 (683 SE2d 671) (2009) (citations omitted).

venue was improper as the Act vested exclusive subject matter jurisdiction in the Superior Court of Fulton County. The trial court denied the Appellants' motion, and this appeal followed.

"[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal. Indeed, when only a question of law is at issue, as here, we owe no deference to the trial court's ruling[.]"[4] With these guiding principles in mind, we turn now to the Appellants' claims of error.

1. The Appellants argue that, because MARTA and Zewdie were not joint tortfeasors, venue was not proper in the DeKalb County State Court as the venue provisions of the MARTA Act (and not the Georgia Constitution) governed; therefore, the trial court erred in denying their motion to dismiss or transfer venue from the State Court of DeKalb County. We disagree.

Section 10 (t) of the MARTA Act of 1965 provides:

Any action to protect or enforce any rights under the provisions of this Act or any suit or action against [MARTA], except as provided in section 9 (c), *shall be brought in the Superior Court of Fulton County, Georgia*, and any action pertaining to validation of any bonds issued

---

[4] *Kemp v. Kemp*, 337 Ga. App. 627, 632 (788 SE2d 517) (2016) (punctuation and footnotes omitted).

under the provisions of this Act shall likewise be brought in said court, which shall have exclusive, original jurisdiction of such actions.[5]

We have held that "the language used in that subsection clearly applies to any suit or action against MARTA whether pertaining to revenue bonds or not."[6]

In contrast, the Georgia Constitution states, "[s]uits against . . . joint tort-feasors . . . residing in different counties may be tried in either county."[7] As the Supreme Court of Georgia has stated, "[t]he General Assembly may fix the residence of MARTA for venue purposes when it is sued alone[,] but the Constitution . . . provides the venue when MARTA is sued as a joint tortfeasor."[8]

Here, Zewdie was an employee of MARTA acting within the scope of his employment at the time of the collision. As this Court has noted, "[a]t least for purposes of [Ga. Const. of 1983, Art. VI, Sec. II, Par. IV], even where an employer

---

[5] Ga. L. 1965, pp. 2243, 2265, § 10 (t) (emphasis supplied).

[6] *MARTA v. Buho*, 353 Ga. App. 466, 467 (838 SE2d 130) (2020) (citation, punctuation, and footnote omitted).

[7] Ga. Const. of 1983, Art. VI, Sec II, Par. IV.

[8] *Glover v. Donaldson*, 243 Ga. 479, 483 (254 SE2d 857) (1979) (citations and punctuation omitted).

is sued for the acts of its employee only on the basis of respondeat superior, the employer is considered a joint tortfeasor with the employee."[9]

In the present matter, as joint tortfeasors, venue was proper in either of the Appellants' counties of residence.[10] As Zewdie was a DeKalb County resident, venue in the DeKalb County State Court was proper, and the trial court did not err in denying the Appellants' motion challenging venue.[11]

2. The Appellants also argue that even if the Georgia Constitution controls, the suit should have been transferred to the Superior Court of Fulton County as Zewdie waived venue in DeKalb County. We, however, agree with the trial court's

---

[9] *McDonald v. MARTA*, 251 Ga. App. 230, n. 2 (554 SE2d 226) (2001); see *Buho*, 353 Ga. App. at 467, n. 4; *RC Cola Bottling Co. v. Vann*, 220 Ga. App. 479, 481 (2) (469 SE2d 523) (1996) (holding that the driver-employee and employer were joint tortfeasors for purposes of determining venue in a suit stemming from an automobile accident); see also *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 177 (1) (358 SE2d 468) (1987) ("[A] negligent employee and his vicariously liable employer are not 'joint tortfeasors' in the classic sense[.] However, an injured plaintiff does have the right to sue the negligent employee and his vicariously liable employer as if they were joint tortfeasors. Consequently, for purposes of venue, a plaintiff can bring a suit jointly against both a negligent employee and his vicariously liable employer in the county of residence of either.") (citations and punctuation omitted).

[10] Ga. Const. of 1983, Art. VI, Sec. II, Par. IV.

[11] See *Buho*, 353 Ga. App. at 467-468.

5

conclusion that while a defendant may waive the defense of improper venue, a defendant cannot change venue through waiver. [12]

Moreover, although the Appellants cite *Holcomb v. Ellis*,[13] this case is inapplicable. In *Holcomb*, a putative father amended his suit to add a count seeking to establish the child's paternity.[14] He filed the action in Glynn County, the mother's residence, even though the putative father resided in Fulton County and the statute required that the action be brought in the county of residence of the alleged father.[15] The Supreme Court of Georgia held that "[t]he venue rights established under the Georgia constitution may be waived[,]" and because "the putative father chose the county of the residence of the mother and the child and decided to forego filing his action in the county of his own residence, [this was] such a waiver."[16] In contrast to the present matter, however, in *Holcomb,* the individual waiving venue (i.e., the

---

[12] See OCGA § 9-11-12 (b), (h) (1); *Bonner v. Bonner*, 272 Ga. 545, 546 (1) (533 SE2d 72) (2000) ("A defendant waives the defenses of improper venue and lack of jurisdiction of the person by failing to raise such defenses by motion or through responsive pleadings.") (citation and punctuation omitted).

[13] 259 Ga. 625 (385 SE2d 670) (1989).

[14] Id. at 625.

[15] Id.; see OCGA § 19-7-42.

[16] *Holcomb*, 259 Ga. at 626 (2) (citation and punctuation omitted).

6

putative father) was the plaintiff filing the action.[17] Here, the Appellants-defendants

are seeking to change venue through waiver. Thus, *Holcomb* is distinguishable from

the present matter, and the trial court did not err in denying the Appellants' motion.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur*.

---

[17] Id.